Syllabus.

# Richmond.

## American Railway Express Company, a Corporation, v. F. S. Royster Guano Company, a Corporation.

February 26, 1925.

Absent, Crump, J.

1. Judgments and Decrees—*Action of Debt on Judgment—Limitation of Actions—Code of 1919, Section 6477—Case at Bar.*—In the instant case, an action of debt on a judgment against defendant corporation's predecessor, no execution had been issued upon the judgment against defendant's predecessor and defendant pleaded the statute of limitation.

    *Held:* That though, under section 6477 of the Code of 1919, the right to an execution was barred, the action on the judgment was not barred.

2. Judgments and Decrees—*Action of Debt on Judgment—Scire Facias—Limitation of Actions—Code of 1919, Section 6477.*—The Code of 1919, section 6477, provides: "On a judgment execution may be issued within a year, and a *scire facias* or an action may be brought within ten years after the date of the judgment." It was contended by defendant that "a *scire facias*" or action was the same or identical proceedings in law.

    *Held:* That this was not the correct construction of the statute.

3. Scire Facias—*Not a New Proceeding—Essential of Writ of Scire Facias.*—The proceeding by *scire facias* in this State is not a new suit, but a continuation of the old suit. Its object is to obtain execution of a judgment which has become dormant by the lapse of time, and it is essential that the writ, which serves the double purpose of a writ and a declaration, shall state all the facts necessary to authorize the relief sought. It should follow the judgment to be revived as to the amount, date, and parties.

4. Judgments and Decrees—*Action of Debt on Judgment—Right to Take out Execution.*—At the common law, an action of debt will lie on a judgment as soon as it is recovered, and *without regard to the plaintiff's right to take out execution;* for the remedy by execution is cumulative merely, and the statutes giving this remedy do not impair the common law right of action on the judgment as a debt of record.

5. JUDGMENTS AND DECREES—*Collateral Attack—Illegal Service—Case at Bar.*—In the instant case, an action of debt against a corporation upon a judgment obtained against its predecessor, it was contended that the judgment against defendant's predecessor was void because the service of process was illegal. This matter was submitted to the court in the action against defendant's predecessor upon a motion to quash the return and was decided adversely to defendant's predecessor. Defendant's predecessor had appeared specially and no further appearance was made in that case, nor any effort to have the same reviewed.

*Held:* That the judgment was not void and could not be collaterally attacked.

6. JUDGMENTS AND DECREES—*Collateral Attack—Illegal Service—Defects or Irregularities in Process or Service.*—Defects or irregularities in the process or in the manner of its service, are not sufficient to render the judgment void, unless the flaw or omission is so serious as to make the process equivalent to no process at all, or the service entirely nugatory, in which case the judgment fails for want of jurisdiction. It follows that a judgment of a court of general jurisdiction cannot be attacked collaterally when there has been some service of notice, although such service of notice may be materially defective.

7. JUDGMENTS AND DECREES—*Collateral Attack—Illegal Service—Defects or Irregularities in Process or Service—Foreign Judgments.*—If a judgment sued on be a foreign judgment, or one rendered in a sister State, the question of jurisdiction is always open to inquiry.

8. JUDGMENTS AND DECREES—*Collateral Attack—Irregularities and Service—Case at Bar.*—A judgment of the Circuit Court of the city of Norfolk, a court of general jurisdiction, having jurisdiction of the subject matter and parties, upon the service of process adjudged by it to be valid and not void upon its face, is conclusive in Virginia upon other courts, and not open to collateral attack.

9. JUDGMENTS AND DECREES—*Irregularities or Errors—Collateral Attack—Foundation of the Doctrine.*—If, after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation, and no fixed established rights.

10. CORPORATIONS—*Consolidation—Proof of Merger and Consolidation—Case at Bar.*—Where it was uncontroverted that a corporation turned over its business and property used in its business, along with another company for its proportionate share of the stock of the consolidated corporation, and ceased to do business, and left no assets in the State to pay its obligations, it sufficiently appears that it is merged and consolidated into the new company.

11. CORPORATIONS—*Merger and Consolidation—Liability of Consolidated ration.*—When two or more corporations are consolidated into a

new corporation with a new name, and the constituent corporations go out of existence, if no arrangements are made respecting their property and liabilities, the consolidated corporation will be answerable for their liabilities, at least to the extent of the property acquired from the constituent corporations whose liability is sought to be enforced against the consolidated corporation.

12. CORPORATIONS—*Consolidation and Merger—Where Constituent Corporations do not go out of Existence.*—It is not essential to the liability of a consolidated corporation for the debts or claims against its constituent corporations that the constituent companies should cease to exist *de jure* upon the organization of the new corporation. The going "out of existence" of the constituent companies is the cessation of all actual transactions of business as a going concern. Their continued existence *de jure* for the purpose of winding up their affairs is immaterial.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of debt.   Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Thomas W. Shelton* and *Alfred Anderson*, for the plaintiff in error.

*Cadwallader J. Collins*, for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

In 1917 the Southern Express Company, that was then doing business in Virginia and other Southern States, had delivered to it, at Richmond, Virginia, on the 27th day of September, 1917, two packages of tax tags, valued at $450.00, consigned to the F. S. Royster Guano Company, at Norfolk, Virginia.   These packages were lost in transit, and the consignee filed claim with the express company before July 1, 1918, for its

damage by reason of the loss.   Prior to this latter date the Director-General of Railroads required all the express companies doing business over the railroads in the United States to merge and consolidate into one express company.   This was accomplished by the independent express companies securing a charter from the State of Delaware, under the name of The American Railway Express Company, to which they conveyed and transferred all of their tangible assets used in the express business, though each of the companies retained their corporate existence, officers and offices.   In payment for the assets turned over to the American Railway Express Company, according to the value thereof, it issued to each constituent company so much of its capital stock at par as represented its input.   The Southern Express Company received in this distribution of stock $1,750,000.00, which it still holds and owns, with other available assets of approximately $1,000,000.00.   While doing business in Virginia, the Southern Express Company appointed John B. Hockaday its agent, upon whom process against it might be served.   Immediately after the consolidation took place, Hockaday removed from the State and there was no statutory agent left in the State upon whom process could be served.

The F. S. Royster Guano Company brought, in the Circuit Court of the city of Norfolk, its action of trespass on the case for $600.00 damages, for the loss above mentioned, against the Southern Express Company, and matured the same on process returnable on the 1st December rules, 1919, which process was served on W. F. Rhea, Chairman of the Corporation Commission, and by immediately transmitting a copy thereof by mail to said company, pursuant to subsection 3 of section 1294-g of the Code of Virginia, 1904.

The Southern Express Company appeared specially

in the case and moved the court to quash the writ and return because it had ceased to do business in the State at the time of the issuance of the writ, nor did it have any statutory attorney therein, the former one having removed therefrom for more than a year. The court, upon consideration, overruled the motion to quash, and the defendant made no further appearance nor appealed therefrom.

The Circuit Court of the city of Norfolk, at its May, 1920, term, proceeded to hear and determine the case without the intervention of a jury, and the plaintiff being fully heard, the court entered judgment against the Southern Express Company for the plaintiff for the sum of four hundred and fifty dollars, with interest from the 15th day of May, 1920, till paid. No execution was issued upon this judgment.

At the first July rules, 1922, in the Circuit Court of the city of Norfolk, the plaintiff filed a declaration in debt against the American Railway Express Company upon its judgment against the Southern Express Company, alleging liability upon the defendant by reason of the fact that it had taken over the assets of the Southern Express Company, and that such assets had been distributed to the exclusion and prejudice of its creditors.

The case coming on to be heard by the court, without the intervention of a jury, on the 13th day of April, 1923, judgment was entered for the plaintiff against the defendant for four hundred and sixty-one dollars and forty cents ($461.40), with legal interest on $450.00 from the 15th day of May, 1920, till paid, and its costs. Motion to set aside the judgment was made and overruled, to which the defendant excepted. The case is before this court on exceptions, for error in overruling the defendant's motion for a new trial, and errors committed in the course of the trial. For convenience the parties

will be spoken of as plaintiff and defendant, as they were in the trial court.

[1-4] The first error for consideration is the action of the court in striking out the defendant's plea of the statute of limitations. No execution was issued upon the judgment against the Southern Express Company, and section 6477, Code of Virginia, provides: "On a judgment, execution may be issued within a year and a *scire facias* or *action* may be brought within ten years after the date of the judgment   *   *   *."

The contention of the defendant was that "a *scire facias*" or *action* was the same or identical proceedings in law. This was not the correct construction of the statute. The proceeding by *scire facias* in this State is not a new suit, but a continuation of the old suit. "Its object is to obtain execution of a judgment which has become dormant by the lapse of time, and it is essential that the writ, which serves the double purpose of a writ and a declaration, shall state all the facts necessary to authorize the relief sought. It should follow the judgment to be revived as to the amount, date and parties." *White* v. *Palmer*, 110 Va. 490, 66 S. E. 44.

"At the common law, an action of debt will lie on a judgment as soon as it is recovered, and *without regard to the plaintiff's right to take out execution;* for the remedy by execution is cumulative merely, and the statutes giving this remedy do not impair the common law right of action on the judgment as a debt of record." Black, Judgments, section 958. *Hickman* v. *Macon Co.* (C. C.) 42 Fed. 759; *Wilson* v. *Hatfield*, 121 Mass. 551; *Stewart* v. *Peterson*, 63 Pa. St. 230; *Kingsland* v. *Forrest*, 18 Ala. 519, 52 Am. Dec. 232.

The statute of Virginia recognizes the action of debt as at common law, and fixes the limitation at ten years. The plea of the statute of limitations was properly stricken out.

[5, 6] The next error alleged is that the Circuit Court of the city of Norfolk was without jurisdiction of the Southern Express Company, and that the judgment of the plaintiff was void. This matter was submitted to the court, in that action, upon a motion to quash the return because the service was illegal, and was decided adversely to the company; and having appeared specially, no further appearance was made in the case nor effort to have same reviewed. It is well settled "that defects or irregularities in the process, or in the manner of its service, are not sufficient to render the judgment void, unless the flaw or omission is so serious as to make the process equivalent to no process at all, or the service entirely nugatory, in which case the judgment fails for want of jurisdiction. It follows that a judgment of a court of general jurisdiction cannot be attacked collaterally when there has been some service of notice, although such service of notice may be materially defective." Black, Judgments, section 263. *Murray* v. *Weigle*, 118 Pa. St. 159, 11 Am. Rep. 781; *Allison* v. *Rankin*, 7 Serg. & R. (Pa.) 269.

[7] It need scarcely be added that if the judgment sued on be a foreign judgment, or one rendered in a sister State, the question of jurisdiction is always open to inquiry. Black, Judgments, sections 818, 835, 894-915. The cases cited and discussed before the court are of this latter character and are therefore not authority upon the question of jurisdiction before this court.

[8, 9] The Circuit Court of the city of Norfolk, a court of general jurisdiction, having jurisdiction of the subject matter and parties, upon the service of process adjudged by it to be valid and not void upon its face, is conclusive in Virginia upon other courts, and not open to collateral attack. This principle is not merely an arbitrary rule of law established by the courts, but it is

Amer. Ry. Ex. Co. *v.* Royster Co., 141 Va. 602.   609

Opinion.

a doctrine which is founded upon reason and the soundest principles of public policy. "It is one which has been adopted in the interest of the peace of society and the permanent security of title. If, after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation and no fixed established rights." *Lancaster* v. *Wilson*, 27 Gratt. (68 Va.) 624, 629; *Vorhees* v. *The Bank of the United States*, 10 Peters (35 U. S.), 449, 474, 9 L. Ed. 490; *Wilcher* v. *Robertson*, 78 Va. 602.

The Southern Express Company had not been denied "due process" of law, and the judgment against it was properly admitted in evidence.

[10-12] The other assignments of error are based upon the claim of the defendant that the evidence does not prove that the Southern Express Company was merged and consolidated into the American Railway Express Company, and that the Southern Express Company still maintains its corporate existence, and that such merger was by compulsion of the Director-General of Railroads.

It is uncontroverted that the Southern Express Company turned over its business and property used in its business, along with another express company, for its proportionate share of the stock of the defendant, and ceased to do an express business, nor were any assets left in the State of Virginia to pay the obligations of the Southern Express Company.

The case of *American Railway Express Company* v. *Downing*, 132 Va. 139, 111 S. E. 265, in an able and exhaustive opinion by Judge Sims, settled the law in Virginia in reference to the merger of the Southern Express

Company and others into the defendant company as a consolidated corporation, liable for the debts of the constituent companies. The following is the law on the subject as therein stated: "When two or more corporations are consolidated into a new corporation with a new name, and the constituent corporations go out of existence, if no arrangements are made respecting their property and liabilities, the consolidated corporation will be answerable for their liabilities, at least to the extent of the property acquired from the constituent corporation whose liability is sought to be enforced against the consolidated corporation." As to the constituent corporation *going out of existence*, it is held: "It is not essential to the liability of the corporation for the debts or claims against its constituent corporations that the constituent companies cease to exist *de jure* upon the organization of the new corporation. The going out of existence of the constituent companies is the cessation of all actual transactions of business as a going concern. Its continued existence *de jure* for the purpose of winding up its affairs is immaterial." *Am. Ry. Ex. Co.* v. *Downing, supra.*

The principles upon which the cases are based are that the assets of the constituent corporations are a trust fund for payment of their debts, and when the consolidated corporation takes over the assets in exchange for stocks and bonds, there is an implied contract in law to pay such debts out of the assets.

The judgment of the circuit court is plainly right and will be affirmed.

*Affirmed.*