## CIRCUIT COURT OF RUSSELL COUNTY

Federal Land Bank
of Baltimore

v.

S. J. Colley, Jr.

August 26, 1958

By Judge R. J. Boyd

The plaintiff, the Federal Land Bank of Baltimore, by counsel, filed a motion to revive certain judgments recovered by it against the defendant, S. J. Colley, Jr., and others in the Circuit Court of Russell County, Virginia, on December 13, 1937, for the principal sum of $3,203.43, with interest at 5% from October 23, 1937, and costs, which judgment was duly docketed in the Clerk's Office of the Circuit Court of Russell County, Virginia, in Judgment Lien and Execution Book No. 15, at page 187, and which principal sum is subject to a credit of $1,503.37, as of October 1, 1951.

The judgment was docketed on December 14, 1937, and the following writs of fieri facias were issued thereon, with the following returns:

(a) 1937, December 20, fi. fa. directed to the Sheriff of Russell County, Virginia, and made returnable to the First March Rules, 1938, on which the Sheriff made his return of "No Property Found."

(b) 1938, February 25, another fi. fa. (execution) was issued, directed to the Sheriff of Dickenson County, Virginia, and made returnable to the Second May Rules (which began on the third Monday in May, 1938), on which the Sheriff of Dickenson County, Virginia, made a return dated July 20, 1938, of "No Property Found to make this judgment. (Signed) J. H. Anderson, Sheriff."

In addition to the aforesaid writs of fieri facias, the record reveals the following three writs of scire facias:

(a) A writ of scire facias directed to the Sergeant of the City of Roanoke, Virginia, dated February 26, 1958, on which the Sergeant of said city made the following endorsement: "The within-named defendant, S. J. Colley, Jr., not being found in my bailiwick, this the 27th day of February, 1958";

(b) Writ of scire facias was issued from said Clerk's office on February 27, 1958, directed to the Sheriff of Franklin County, Virginia, which was received by said Sheriff and on which he made the following return: "S. J. Colley, Jr., not an inhabitant of my bailiwick, March 6, 1958 (signed) R. H. McBride, Sheriff of Franklin County, Virginia, by B. Meador, D.S." and

(c) Finally, on the return of the foregoing writs of scire facias, an alias writ of scire facias was issued, addressed to the Sheriff of Dickenson County, Virginia, dated May 10, 1958, and made returnable before the Circuit Court of Russell County, Virginia, on May 19, 1958, at 10:00 o'clock of that day.

On the 19th day of May, 1958, the defendant appeared, by counsel, and filed his demurrer and motion to quash the last mentioned writ, and the Court, by agreement of the parties, continued the hearing until June 26, 1958, or as soon thereafter as the matter could be heard. On the latter date, the plaintiff, by counsel, moved the Court to be permitted to amend the said last mentioned writ of scire facias to correct an error in the date of the return day of the first mentioned execution, which had erroneously been set as First March Rules, 1937, instead of First March Rules, 1938, and to further amend the writ to show the date of issuance and return day of the second execution, issued February 25, 1938, and the return of the officer thereof, as hereinabove set out (Execution b).

The pertinent portion of the writ of scire facias, to which the amendment is sought, reads as follows:

And on which judgment writs of fieri facias issued from the Clerk's Office of said Court on the 20th day of December, 1937, returnable to the First March Rules, 1937, directed to the Sheriff of Russell and Dickenson County, Virginia, and on which writ of fieri facias the Sheriff of Dickenson County made the return "no property found," July 20, 1938.

The defendant, by counsel, objected to the motion on the ground that the writ of scire facias was not amendable, and, without waiving the demurrer or motion to quash, filed his answer and asserted that the judgment sought to be revived is barred by the statute of limitations.

The object of the writ of scire facias is to obtain execution of a judgment which has become dormant by the lapse of time.

The utmost extent of the jurisdiction of a Court upon a writ of scire facias reciting a judgment for money, and notifying the defendants to appear and show why the plaintiffs should not have an execution against them for the debt, interest, and costs of said judgment, is to render judgment that the plaintiffs in the writ of scire facias have execution of the judgment in the writ set forth ... .

The writ of scire facias is the only pleading in the proceedings. Its office is to revive a judgment. It must recite a judgment; and the sole order which can be properly entered upon it is that the plaintiffs have execution upon the judgment.

*White v. Palmer*, 110 Va. 490, 66 S.E. 44 (1909).

It was held in *American Ry. Ex. Co. v. Royster Guano Co.*, 141 Va. 602, 607, 126 S.E. 678 (1925), that the proceeding by scire facias in this State is not a new suit but a continuation of the old suit. The writ should follow the judgment as to the amount, date, and parties. *White v. Palmer, supra; Burks' Pleading & Practice* (3d ed.), p. 598.

At the time of the rendition of the judgment in this case, § 6477 of the Code was in effect. This statute recognized the action of debt as at common law and provided that scire facias could be brought within ten years from the date of the judgment.

The writ of scire facias in this case was issued on May 10, 1958, contains (1) the date of the judgment, (2) the names of the parties, (3) the principal amount due, less a credit of $1,503.37, as of October 2, 1951, and (4) the rate of interest due from October 23, 1937. This writ, as issued, reflects that "writs" of fieri facias issued from the Clerk's Office of the Circuit Court of Russell County, Virginia, on December 20, 1937, returnable to the First March Rules, 1937, directed to the "Sheriff" of Russell and Dickenson County, on which "writ" the Sheriff of Dickenson County made a return of "No Property Found to Make this Judgment," under date of July 20, 1938.

It is apparent that the writ is defective upon its face, insofar as it purports to detail the issuance of the "writs" of fieri facias. Manifestly, the return date to the First March Rules, 1937, is in error because the judgment itself was not entered by the Court until December 13, 1937. It is clear that issuance of the fieri facias must follow the judgment date and be made returnable within the time prescribed by statute, which would have been to the First March Rules, 1938. Moreover, the purported return of the Sheriff of Dickenson County was made on July 20, 1938, about four months after the probable true return date

and more than fourteen months after the return date of the fieri facias as it appears in the scire facias.

Section 6477 of the Code provided that an execution on a judgment may issue, and a scire facias or an action may be brought within ten years after the date of the judgment, and where execution issues within ten years, other executions may be issued, or scire facias or an action brought within ten years from the return date of an execution issued at any time within ten years on which there is no return by an officer, or within twenty years from the return day of any such execution on which there is a return by an officer.

If, as contended by counsel for the defendant, no fieri facias has been issued on the judgment since December 20, 1937, returnable presumably to First March Rules, 1938, more than twenty years had elapsed prior to the issuance of the writ in this case on May 10, 1958, and served on the defendant on May 12, 1958.

However, it is not controverted — indeed it is admitted — that the records appearing in the Clerk's Office of the Circuit Court of Russell County, Virginia, in Judgment Lien Docket and Execution Book No. 15, at page 187, that a fieri facias was directed on December 20, 1937, to the Sheriff of Russell County, Virginia, returnable to the First March Rules, 1938, upon which the said Sheriff made his return of "No Property Found" and, further, that on February 25, 1958, another fieri facias was directed to the Sheriff of Dickenson County, Virginia, returnable to Second May Rules, 1938, on which the said Sheriff made his return "No Property Found" under date of July 20, 1938.

The question now arises as to whether the writ of scire facias can be amended after the expiration of more than twenty years next following the return date of the last mentioned execution.

By the enactment of § 1-13.23:1 of the Code (Acts of Assembly, 1954, c. 543), it is provided that the word "process" shall be construed to include scire facias.

It is further provided by statute, § 8-119, that the pleadings in any proceeding may be amended at any time in furtherance of justice, and the Court must disregard errors and defects which do not affect the substantial rights of the parties.

To reiterate, it is essential that the writ of scire facias state all the facts necessary to authorize the relief sought. It should follow the judgment to be revived as to the amount, date, and parties. The writ is the only pleading in the proceeding. 11 M.J., *Judgments and Decrees*, p. 205. Its object is merely to give the defendant a day in Court to show cause why the judgment should not be revived. 11 M.J., *supra*, p. 207.

The statute of Virginia recognizes the action of debt as at common law. Black, *Judgments*, § 958, is quoted with approval in *Amer. Ry. Exp. Co. v. Royster Co., supra,* as follows:

> At the common law, an action of debt will lie on a judgment as soon as it is recovered, and without regard to the plaintiff's right to take out execution; for the remedy by execution is cumulative merely, and the statutes giving this remedy do not impair the common law right of action on the judgment as a debt of record.

A creditor is entitled to as many writs of fieri facias within the statutory period as may be necessary or desirable until the judgment debt is paid. Executions are evidences of the judgment and are incidental thereto. Thus, the principal defect in the writ of scire facias consists in its failure to set forth the details relating to the issuance of executions, all of which were matters of record. Such defect in the writ does not affect any substantial rights of the defendant. The writ follows the judgment as to the names of the parties, the amount, and date of the judgment sought to be revived. It is sufficient to afford the defendant an opportunity for his day in court.

It is not disputed that the officer's return of July 20, 1938, was made upon the aforesaid fieri facias of February 25, 1938, returnable to the Second May Rules, 1938.

The proposed amendment would only have the effect of causing the writ to conform to the record as it appears in the Clerk's Office and which necessarily was the record upon which the Clerk based the issuance of the writ on May 10, 1958.

The following excerpt appears to be applicable to the facts of this case:

> The writ, if defective, may be amended in the same manner, and on the same terms, as other proceedings in the suit. Since, as has been seen, a writ of *scire facias* is to be treated as a declaration or petition, it is, on principle, amendable to practically the same extent. The writ may therefore be amended by inserting therein any matter required by law to be inserted, but which was omitted from the writ, and by conforming the writ to the judgment or other record in any respect in which it may have departed therefrom. But, as in other cases, no amendment should be tolerated which introduces a new party or a new cause of action, deprives the opposite party of a valuable right, or injuriously affects the intervening rights of third parties. Any discrepancy between the recitals contained in the record and the facts

developed at the trial is amendable. An amendment, however, will not cure a substantial variance that prevents the continuance of the lien of the judgment.

47 Am. Jur. 479, 480.

It is concluded, therefore, that the demurrer and motion to quash should be overruled and that plaintiff's motion to amend the writ should be granted.

Having reached the foregoing conclusion, the remaining issue is whether the judgment is barred by the Statute of Limitations.

The period of limitations upon proceedings to enforce judgments is prescribed and governed by § 8-396 of the Code of 1950, as amended. This Act superseded § 6477 of the Code of 1919, as amended, in certain respects. The provisions of § 6477 relating to the issuance of fieri facias, scire facias, and actions have been hereinabove stated. Formerly, a judgment remained in force (and the lien with it) so long as the right to issue an execution or bring a scire facias or action thereon existed. 1 *Minor on Real Property* (2d ed., Ribble), p. 668.

Code § 8-396 now provides that an execution may be issued and a scire facias or action brought within twenty years after the date of the judgment.

Apparently, this amendment was made upon the recommendation of the Virginia Advisory Legislative Council, whose report, dated October 4, 1947, on *Execution Liens and Garnishment Proceedings,* at page 7, contains the following:

The Council is of opinion that the life of a judgment should not be dependent on whether or not an execution is issued; issuance of execution is a collateral matter and should therefore have nothing to do with the life of the judgment. Therefore, the Council recommends that all judgments be good for twenty years from date of rendition; at any time before the expiration of such twenty years, the judgment can be revived for another twenty years by scire facias. This would be accomplished by amending § 6477 of the Code of Virginia.

It is expressly provided that the provisions of § 8-396 shall apply to judgments obtained after June 29, 1948, as well as to judgments obtained prior to such date which were not then barred by the statute of limitations. As to the latter judgments, it is further provided that the provisions of § 8-396 shall not have the effect of reducing the time for the enforcement of any judgment, the limitation upon which had been extended prior to June 29, 1948, by compliance with the provisions of law theretofore in effect.

In this case, it clearly appears that the plaintiff has complied with the provisions of § 6477 and that the issuance of the scire facias on May 10, 1958, was within twenty years from the return day of a writ of fieri facias, upon which the Sheriff made his return of "No Property Found" on July 20, 1938. A valid return may be made after the day to which an execution is returnable, and such belated return is sufficient to extend the limitations upon judgments to twenty years from the return day of the execution, unless some intervening superior rights shall have accrued. *Moorman v. Campbell County*, 121 Va. 112, 92 S.E. 833 (1917). The plaintiff's judgment, therefore, not being barred on June 29, 1948, it must necessarily follow that the limitation provided by § 8-396 is inapplicable to this case.

Ordinarily, when an amendment to a bill or declaration is allowed, so far as regards the statute of limitations, it will have the same effect as if it had been originally filed in the amended form at the commencement of the suit or action, and a cause not then barred will not be treated as barred at the time of the amendment. 12 M.J., *Limitations of Actions*, p. 217.

An amendment to a petition which sets up no new cause of action or claim and makes no new demand but simply varies or expands the allegations of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. *Irvine v. Barrett*, 119 Va. 587, 89 S.E. 904 (1916).