## CIRCUIT COURT OF THE CITY OF RICHMOND

Crestar Bank

    v.

Salvatore D. Biondo et al.

August 13, 1992

BY JUDGE T. J. MARKOW

This matter is before the court on the motion to quash summons to debtor's interrogatories filed by Alan S. and Clarajohn H. Freemond, judgment debtors. Crestar Bank obtained a judgment in this matter April 15, 1992. On May 11, 1992, Crestar obtained a writ of fieri facias and a summons to answer interrogatories. Crestar mailed the summons to the Freemonds at their home in Indiana; it required their presence at a hearing on June 3, 1992. In response, the Freemonds moved, by special appearance on June 2, 1992, to quash the summons. Ten days later, on June 12, 1992, a process server delivered the summons to the Freemonds in person at their home in Indiana.

In the motion to quash, the Freemonds assert that "the commissioner failed to acquire personal jurisdiction over the Freemonds." However, it is the opinion of this court that personal jurisdiction over the Freemonds was acquired in this matter when they were served with the motion for judgment. Proceedings by execution have been determined by the Supreme Court of Virginia to be not new suits but merely continuations of the original action. *American Ry. Ex. Co. v. Royster Guano Co.*, 141 Va. 602, 126 S.E. 678 (1925). The *Royster* court distinguished a common law action on the debt on a judgment, which would be considered a new suit, and execution, which would not, saying:

> At the common law, an action of debt will lie on a judgment as soon as it is recovered, and *without regard to the plaintiff's right to take out execution*; for the remedy by execu-

> tion is cumulative merely, and the statutes giving this remedy do not impair the common law right of action on the judgment as a debt of record.

*Id.* at 607, 126 S.E. at 679 (emphasis in original); *see also Butler v. Butler*, 219 Va. 164, 247 S.E.2d 535 (1978) (garnishment, unlike a process of execution to enforce a judgment, is regarded as an independent suit); *The Bank of the United States v. Halstead*, 23 U.S. (10 Wheat.) 51, 6 L. Ed. 264 (1825) ("The suit does not terminate with the judgment; and all proceedings on the execution, are proceedings in the suit . . . .").

In *Duffy v. Hartsock*, 187 Va. 406, 415–16, 46 S.E.2d 570, 574 (1948), the court stated that since in Virginia *scire facias* is a judicial and not an original writ, and "is treated as merely a continuance of the original suit, jurisdiction duly obtained in the original suit over the person of the defendant will endure for the revival of the judgment, and if defendant is a non-resident, or cannot be found, the service may be constructive." Since *fieri facias* and *scire facias* are both judicial writs, *see* 30 Am. Jur. 2d *Executions* § 1 (1967) ("an execution . . . is a judicial writ"), the same rule regarding jurisdiction applies to the case at bar.

The court must, nevertheless, grant the motion to quash service. Two purposes are achieved by proper service: the first is to obtain jurisdiction over the person or property of a party, which has been achieved here; the second is to provide notice to a party so that due process concerns are met. What is sufficient notice is controlled by statute in this case. Va. Code Ann. § 8.01–506, which governs proceedings by interrogatories, refers in subsection D to "the debtor or other person *served with such summons*." (Emphasis added.) The section does not specify a method of service required to be used. Therefore, Code § 8.01–296 controls, as it provides how service may be made in an "action at law or in equity or any other civil proceeding in any court . . . for which no particular mode of service is prescribed." Mailing by the judgment creditor is not one of the options provided. The motion to quash service is granted on the basis of the mailed process being statutorily insufficient.

It is, likewise, granted on the basis of the objection to the process served by delivery in person in Indiana as that service was not timely. "The modern purpose of process is to afford notice to a person regarding various aspects of litigation." Boyd, Graves & Mid-

dleditch, *Virginia Civil Procedure* § 6.1 (1982). Notice which arrives after the date is no notice at all. The affidavit of the process server shows service made on June 12, 1992. The date of the hearing was June 3, 1992. Nothing was accomplished by the delivery of the summons after the date specified.