SENIOR JUSTICE POFF,
with whom JUSTICE STEPHENSON joins, dissenting.
I dissent from the decision reached by the majority.
This Court has consistently held that judgments and orders may be valid in part and void in part. See, e.g., Barnes v. American Fert. Co., 144 Va. 692, 714, 130 S.E. 902, 909 (1925); White v. Palmer, 110 Va. 490, 496, 66 S.E. 44, 46 (1909); Wade et als. v. Hancock and Agee, 76 Va. 620, 625-26 (1882). In her Motion for Partial Vacation filed at trial, Jessee contended that the Richmond court’s order approving the compromise settlement was, in part, “void as a matter of law.” The majority rejects that contention.
Specifically, the majority holds that Jessee’s action in the Goochland court was merely a challenge to the Richmond court’s application of Code § 8.01-424; that misapplication of that statute “would render the Richmond court’s order merely voidable, and not void”; that “the Goochland court lacked jurisdiction to void any portion of the approved settlement agreement”; and that “the judgment on the merits in the Goochland court ... is null and void.” I agree with Jessee.
In its enactment of Code § 8.01-424 and its statutory ancestors, the General Assembly conferred upon courts of this Commonwealth jurisdiction they had not had before, that is, “power to approve” or “to disapprove a compromise” settlement *525 reached by a tortfeasor and a victim of the tort. Gunn v. Richmond Community Hospital, 235 Va. 282, 286, 367 S.E.2d 480, 482 (1988).
“It seems to be settled law, that where a new jurisdiction is created by statute and the mode of acquiring and exercising that jurisdiction by the court upon which it is conferred is prescribed by statute, a substantial compliance therewith, at least, is essential, otherwise the proceeding will be a nullity.” Cauthorn v. Cauthorn, 196 Va. 614, 621, 85 S.E.2d 256, 260 (1955), quoting Coleman v. Virginia Stave Co., 112 Va. 61, 75, 70 S.E. 545, 549 (1911).
In the exercise of the jurisdiction newly-created by Code § 8.01-424, courts are explicitly required by the leglislature to prescribe how the “proceeds of the compromise settlement” are to be paid. Subsection D of the statute provides:
D. In any compromise action the court shall direct the payment of the proceeds of the compromise agreement, when approved, as follows:
4. Where the agreement of settlement provides for payments to be made over a period of time in the future . . . [pjayments . . . totaling more than $4,000 in any calendar year while the recipient is under a disability, shall be paid to a duly qualified fiduciary.
The language prescribing the mode of application of this statute is express and mandatory. Any departure from the prescription is not merely a voidable “trial error” as the majority asserts. “Where the court, as here, is exercising special statutory powers, the measure of its authority is the statute itself; and a judgment or order in excess of the powers thereby conferred is null and void. In such a case, even though the court may have jurisdiction of the general subject matter and of the parties, an adjudication with reference thereto which is not within the powers granted to it is coram non judice." Aetna Casualty Co. v. Supervisors, 160 Va. 11, 45, 168 S.E. 617, 626 (1925) (citations omitted).
In my view, while the Richmond court had jurisdiction to approve settlement of the rights and liabilities of the tortfeasor and the victim of the tort, it had no authority to “direct the payment *526 of the proceeds of the compromise settlement” to anyone other than Douglas’s “duly qualified fiduciary”. I would hold, therefore, that, to the extent the Richmond court exceeded its statutory authority, its order was void ab initio and, as such, was subject to attack “in any court at any time, directly or collaterally.” Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Consequently, I would affirm the judgment of the Goochland court, the court the majority recognizes as the judicial “overseer of Douglas’ estate.”