# Richmond

MAUDE R. DUFFY, ASSIGNEE, ETC. V. RUTH M. HARTSOCK.

March 1, 1948.

Record No. 3300.

Present, Hudgins, C. J., and Gregory, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*Vernoy B. Tate,* for the appellant.

*Fred B. Greear* and *Wm. T. Bowen,* for the appellee.

MILLER, J., delivered the opinion of the court.

This is a suit to enforce the alleged lien of a judgment against real estate. From the allegations of the bill and the stipulation filed by counsel, the undisputed facts are as follows:

On the 23rd day of August, 1928, the First National Bank of Coeburn obtained judgment for $8500, with interest and attorney's fees, against W. H. Hartsock and Ruth M. Hartsock, his wife, in the Circuit Court of Wise County, Virginia. The judgment was duly docketed in the clerk's office of that court. For valuable consideration and by appropriate notation upon the margin of the judgment docket, it was thereafter assigned to the appellant.

W. H. Hartsock is now dead. He and appellee, Ruth M. Hartsock, were residents of Wise County, Virginia, when the judgment was obtained. They thereafter moved to the State of Kentucky where they resided at the time of his death. From the date of their departure until suit was instituted, appellee remained without Virginia for such length of time that the period which she had been in this State since the judgment was obtained was not as much as ten years. No execution had issued on the judgment and no *scire facias* was ever brought to revive it.

Early in the year 1945, appellee returned to Wise County and by deed dated February 15, 1945, acquired certain

real estate in the town of Norton briefly described as lots 23 and 24, of Block 36, Plat 5.

The pleadings now recited necessarily constitute a repetition of some of the above facts.

On the 19th day of March, 1946, appellant instituted this chancery suit to subject the above-described real estate to the alleged lien of her judgment.

Appellee interposed a plea of the statute of limitations; that more than ten years had elapsed since the rendition of the judgment; that no execution had ever issued or *scire facias* been brought thereon, and that the right to issue such execution or bring *scire facias* ceased at the expiration of ten years from the date of the judgment.

Thereupon appellant asserted that appellee was a resident of Virginia when judgment was obtained, but departed therefrom; that the accumulated time she had been within this State since the date of the judgment, both before her departure and since her return, had not been as much as ten years; and that the time she had been out of the State constituted an obstruction to the prosecution of appellant's right of action to enforce such judgment.

The trial court concluded that appellant's judgment was barred by the statute of limitations and by decree of January 28, 1947, dismissed her bill of complaint.

Appellant earnestly contends, that under the provisions of section 5825 of the Code of Virginia as in force at the time of the judgment, *i. e.*, 1928, appellee's absence from the State tolled the statute of limitations for such period and that the statute as it existed at the date of the judgment is controlling.

Appellee asserts that section 5825 was amended by the Acts of 1936, p. 251, and 1938, p. 8; that each of those amendments applies to judgments obtained *theretofore* as well as *thereafter* and nullified that provision of section 5825 which had previously tolled the statute as to judgment debtors who depart from the State of Virginia.

The question presented requires construction of sections 5825, 6474, 6477 and 6478 of the Code of Virginia. This

must be done by careful consideration of section 5825 as it read at the date of the judgment and also of the pertinent amendments subsequently made. The effect of these amendments upon sections 6474, 6477 and 6478 must likewise be determined.

The four sections enumerated as they now appear are as follows:

Section 5825: "Where any such right as is mentioned in this chapter shall accrue against a person who had before resided in this State, if such persons shall, by departing without the same or by absconding or concealing himself, or by filing a petition in bankruptcy or a petition for extension of time within which to pay his debts in any court of the United States, or by any other indirect ways or means obstruct the prosecution of such right, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted. But this section shall not avail against any other person than him so obstructing notwithstanding another might have been jointly sued with him if there had been no such obstruction. Nor shall it apply to the provisions of section sixty-four hundred and seventy-four.

"Upon a contract which was made and was to be performed in another State or county by a person who then resided therein, no action shall be maintained after the right of action thereon is barred either by the laws of such State or country or of this State." (Code 1887, sec. 2933; 1897-8, p. 441; Code 1919; 1936, p. 251; 1938, p. 8; 1940, p. 438.)

Section 6474: "No suit shall be brought to enforce the lien of any judgment heretofore or hereafter rendered upon which the right to issue an execution, or bring a *scire facias*, or an action is barred by sections sixty-four hundred and seventy-seven and sixty-four hundred and seventy-eight, nor shall any suit be brought to enforce the lien of any judgment, heretofore or hereafter rendered, against lands which have been conveyed by the judgment debtor to a

grantee for value, unless the same be brought within ten years from the due recordation of the deed from such judgment debtor to such grantee. This section so far as it affects such grantees for value or those claiming under them, shall apply as well to judgments in favor of the Commonwealth as to other judgments." (Code 1887, sec. 3573; 1922, p. 570.)

Section 6477: "On a judgment, execution may be issued, and a *scire facias* or an action may be brought within ten years after the date of the judgment, and where execution issues within ten years, other executions may be brought within ten years from the return day of an execution issued at any time within said ten years, on which there is no return by an officer, or within twenty years from the return day of any such execution on which there is such return; except where the *scire facias* or action is brought against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative. If, however, a return be made on an execution more than ten years after the return day thereof, it shall not extend the lien of the judgment beyond ten years from such day as against a purchaser for value of real estate from the judgment debtor who acquired title prior to the time such return was actually made. Any return by an officer on an execution showing that the same has not been satisfied, shall be sufficient return within the meaning of this section." (Code 1887, sec. 3577; 1942, c. 125.)

Section 6478: "No execution shall issue, nor any *scire facias* or action be brought, on a judgment, in this State, other than for the Commonwealth, after the time prescribed by the preceding section, except that, in computing the time, any time during which the right to sue out execution on the judgment is suspended by the terms thereof, or by legal process, shall be omitted; and sections fifty-eight hundred and twenty-three to fifty-eight hundred and twenty-six, inclusive, and section fifty-eight hundred and thirty shall apply to the right to bring such action or

*scire facias* in like manner as to any right, action, or *scire facias* mentioned in those sections; and except that when the judgment is for the penalty of a bond, but to be discharged by the payment of what is then ascertained, and such sums as may be afterwards assessed or found due upon a *scire facias* on the judgment, assigning a further breach of the bond, such *scire facias* may be brought within ten years after such breach." (Code 1887, sec. 3578.)

Section 6477 has been amended once since 1928. This amendment was by Acts of 1942, page 162. It extends the time in which an execution may issue and amends it in other particulars. This amendment is, however, unimportant to the question presented as no execution was ever issued or any *scire facias* brought on this judgment.

Section 5825 has been thrice amended, namely in the years 1936, 1938, and 1940. At the time of the rendition of the judgment against appellee in 1928 it read as follows:

"Where any such right as is mentioned in this chapter shall accrue against a person who had before resided in this State, if such person shall, by departing without the same or by absconding or concealing himself, or by any other indirect ways or means obstruct the prosecution of such right, that time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted. But this section shall not avail against any other person than him so obstructing notwithstanding another might have been jointly sued with him if there had been no such obstruction. Nor shall it apply to such grantees for value and those claiming under them as are mentioned in section sixty-four hundred and seventy-four. Upon a contract which was made and was to be performed in another State or country by a person who then resided therein, no action shall be maintained after the right of action thereon is barred either by the laws of such State or country or of this State." (Code 1887, sec. 2933; 1897-8, p. 441.)

The 1936 amendment of section 5825 is best explained
as follows: Prior to 1936 the last sentence of the first
paragraph read, "Nor shall it apply to such grantees for
value and those claiming under them as are mentioned in
section sixty-four hundred and seventy-four." That
sentence first appeared in the 1919 revision of the Code.
The amendment of 1936 changed it to read as follows:
"Nor shall it apply to the exemptions as mentioned in
section sixty-four hundred and seventy-four."

The amendment of 1938 again changed the sentence so
that it now reads: "Nor shall it apply to the provisions
of section sixty-four hundred and seventy-four."

The amendment of 1940 is unimportant.

Not only does appellant contend that the statute of
limitations was tolled by section 5825 as to her judgment
because it was obtained before the above amendments,
but she further asserts that she held a vested right which
the amendments could not and were not intended to
destroy.

In appellee's brief the suggestion is advanced and was
repeated in oral argument at the bar that the statute of
limitations as to judgments is not tolled by section 5825;
that the proceedings for enforcement of judgments are
not included in the rights referred to by the phrase, "When
any such right as is mentioned in this chapter shall accrue
* * *." However, prior to the amendments of 1936 and
1938, it had been determined that the statute of limitations
upon judgments was tolled by the provisions of section
5825 as against a resident judgment debtor who departed
from this State. Such was decided in *McClanahan* v.
*Norfolk, etc., R. Co.*, 118 Va. 388, at page 407, 87 S. E.
731.

That decision was rendered in 1916. The rights dis-
closed and set out in Chapter 238 (then Chapter 139)
and referred to as "any such right as mentioned in this
Chapter" were no broader in 1916 than they are today.
At page 407, Judge Keith had the following to say:

"The judgments were obtained, as we have seen, in 1884,

1885 and 1886; the original suit was not brought until September, 1906; more than ten years after the rendition of the judgments. But the contention of the appellants is that section 3577 (6477), which prescribed the limitation upon suits to enforce judgments, comes within the influence of section 3578 (6478), which provides that section 2933 (5825) shall apply to the right to bring a suit to enforce the lien of a judgment." (Code section numbers in parentheses added by us.)

After that recital he quotes, at page 408, with approval, the language used in the second syllabus of *Cheatham* v. *Aistrop*, 97 Va. 457, 34 S. E. 57:

" 'The removal of a judgment debtor from the State is of itself an obstruction to a suit to enforce the judgment, and the statute of limitations does not run against the judgment while the debtor remains out of the State.' " See also, *Cohen* v. *Jenkins*, 125 Va. 635, 100 S. E. 678.

By the above decisions, it became the settled law of Virginia that the provisions of section 5825 (formerly 2933), tolling the statute of limitations applied to judgment obligations of resident debtors who departed from this State in the same manner as it applied to the other enumerated debts and liabilities of such parties.

Appellant concedes that as to such debtors against whom judgments were rendered subsequent to the amendments of section 5825 by Acts of 1936 and 1938, the statute is not tolled. She insists that these amendments are not applicable to this judgment which was rendered in 1928; that the amendments are prospective in nature and not retrospective; that the continued tolling of the statute as to the judgment while the debtor was absent was a vested right in and of itself and not merely a remedy which should or could be destroyed by the amendments subsequently made.

There is no doubt that the 1936 and 1938 amendments of section 5825 permit the statute of limitations to run upon judgments, against departing debtors, that were obtained subsequent to such amendments.

■ In undertaking to ascertain the further effect of the amendments, if any, it becomes necessary first to determine the nature and purpose of section 5825, *i. e.*, whether such section granted a right and a remedy or merely granted·or extended a remedy. It is apparent that it confers no right of action upon the judgment ·creditor;— in fact, it may be fairly said that actually it granted no remedy. It is limited to the extension or enlargement of a remedy primarily given by section 6477.

■ It is true that the time in which the appellant must proceed against her non-resident judgment debtor was shortened. But these amendments were of the remedy and impaired no right or property interest. Her right in and ownership of the judgment were undisturbed. The life of the judgment against the non-resident was curtailed but ample opportunity and means of procedure to revive the judgment by *scire facias* before the amendments became effective were afforded;— in fact this judgment could have been revived by *scire facias* at any time before August 23, 1938, when the ten years from its date of rendition expired.

■ Revival of judgment by *scire facias* against a non-resident may be had in Virginia. There is authority to the effect that *scire facias* is a new or original action and that revival of a judgment thereby cannot be had on an order of publication. Virginia, however, adheres to the view that *scire facias* is a judicial and not an original writ. It is a continuation of the former action in which the judgment sought to be revived was rendered and is not of itself an original proceeding. Such was definitely decided in *White* v. *Palmer*, 110 Va. 490, 66 S. E. 44, and *American Ry. Exp. Co.* v. *Royster Guano Co.*, 141 Va. 602, 126 S. E. 678. In the latter case at page 607 it is said: "* * * The proceeding by *scire facias* in this State is not a new suit, but a continuation of the old."

Proceedings upon *scire facias* against a nonresident are expressly recognized and further provided for by section 6071 of the Code of Virginia.

We also find in 34 Corpus Juris, Judgments, sec. 1038, page 675, the following:

"When the proceeding by *scire facias* for reviving a personal judgment is treated as merely a continuance of the original suit, jurisdiction duly obtained in the original suit over the person of the defendant will endure for the revival of the judgment, and if defendant is a non-resident, or cannot be found, the service may be constructive." (Cases cited.)

Appellant's right to revive her judgment at any time before August 23, 1938, by *scire facias* as provided for by section 6477 remained unimpaired. The mere absence of the defendant from Virginia ceased to be sufficient to keep the judgment alive, but the judgment creditor was at liberty to revive it by other and simple procedure.

Though contractual rights may not be impaired or vested property interest destroyed, mere matters of procedure and remedy for their enforcement and preservation may, at the will of the legislature, be altered, curtailed, or repealed, so long as reasonable opportunity and time are afforded to enforce and preserve such rights and interests.

A somewhat similar question to the one at hand was presented in the recent case of *United States Rubber Co.* v. *McManus*, (S. C.), 45 S. E. (2d) 335. At page 337, in quoting from *Gillespie* v. *Pickens County*, 197 S. C. 217, 14 S. E. (2d) 900, the court said:

" 'Furthermore, it is well settled that the legislature, without violation of the guaranties of due process of law, may reduce the period in which actions may be brought and may make such reduction applicable to existing causes of action 'subject, however, to the conditions that it may not entirely take away the right to sue, nor so unreasonably shorten the period as practically to take away all remedy.' 16 C. J. S., Constitutional Law, sec. 615, p. 1238. It is earnestly argued that the period of six months allowed by the act of May 9, 1938, would unreasonably shorten

the period, but I do not concur in this view. See 17 R. C. L. 679."

Should these amendments which go to the remedy be construed as retrospective or prospective?

The cases of *Ferguson* v. *Ferguson*, 169 Va. 77, 192 S. E. 774, and *Gloucester Realty Corp.* v. *Guthrie*, 182 Va. 869, 30 S. E. (2d) 686, forcefully present the rule of construction that statutes are usually presumed to be prospective and not retrospective in their operation. But they also recognize that where the act or amendment relates solely to matters of remedy, it may be retrospective in operation.

In *Ferguson* v. *Ferguson, supra,* the statute under consideration conferred a right of action and a remedy. In such instance the usual rule of construction as set forth in section 6 of the Code of Virginia was applied. In *Gloucester Realty Corp.* v. *Guthrie, supra,* the legislative enactment construed, would, if given a retroactive effect, have impaired contractual obligations, but it recognizes that the rule of prospective operation is not so strictly applied where the statute deals only with matters of procedure or remedy. At page 873, it is said:

"However, the rule is somewhat relaxed in cases of statutes classified as remedial, or where they only effect questions of procedure. 'Remedial statutes which neither create new rights nor take away vested ones are not within the strict application of the rule.' 25 R. C. L. 790. However, this latter rule has no application to the case at bar because here contract rights are involved."

That the legislation affecting matters of remedy may be retroactive in operation, if so expressed and intended, is unquestioned. If the intent so to do is made clear, retroactive effect is given.

In 34 American Jurisprudence, Limitation of Actions, sec. 43, page 45, we find the rule stated as follows: "* * * It is established that a limitation law will be given a retroactive operation where, from a consideration of its terms as a whole, such an interpretation appears clearly

to be in accordance with the intention of the legislation." To like effect is *Mulvey* v. *Boston*, 197 Mass. 178, 83 N. E. 402; 50 Am. Jur. p. 501, sec. 709; 59 C. J., p. 1173, sec. 700.

■ The amendments here involved, by unambiguous language and specific reference to section 6477, apply to all suits to enforce the lien of any judgment upon which execution, *scire facias*, and action is barred by sections 6477 and 6478. The amendment of 1936 refers to the exemptions mentioned in section 6474; that of 1938 is even more all-inclusive. The latter provides that the stay of the running of the statute of limitations as to non-resident judgment debtors shall not apply to the provisions of section 6474. This necessarily means all of the provisions of that section. An examination of such section discloses that "no such suit shall be brought to enforce the lien of any judgment heretofore or hereafter rendered upon which the right to issue an execution, or bring a *scire facias*, or any action is barred by sections sixty-four hundred and seventy-seven and sixty-four hundred and seventy-eight. The phrase, "any judgments *heretofore* or *hereafter* rendered," clearly indicates that the amendments are not alone limited in their application to judgments rendered after their effective date. (Italics supplied.) By clear language they admit of no construction other than the inclusion of all judgments whatever the date of their rendition. Nothing is left for construction.

The apt and succinct statement of Mr. Justice Holt in *Title Ins. Co.* v. *Howell*, 158 Va. 713, at page 718, 164 S. E. 387, is here appropriate: "Ambiguities may be cleared away and weasel words explained, but that which is plain needs no explanation."

As the amendments merely apply to remedy and procedure and disturb no vested or contractual right, it is apparent that the conclusion reached in *Allen* v. *Mottley Const. Co.*, 160 Va. 875, 170 S. E. 412, is decisive of the question at bar. In that case, at pages 881 and 882, Justice Hudgins quotes as follows from the able opinion of Chair-

man W. H. Nickels of the Industrial Commission, in the case of *Rowles* v. *Lynchburg Tobacco Warehouse Co.*, 15 O. I. C. 66:

"In the case of *Whitlock* v. *Hawkins*, 105 Va. 242 (53 S. E. 401), it was held:

" 'Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective and curative laws, provided they do not partake of the nature of what are technically called *ex post facto* laws, and do not impair the obligation of contracts, or disturb vested rights; and provided, further, they are of such nature as the legislature might have passed in the first instance to act prospectively.

" 'The foregoing is accepted as a comprehensive statement of the law relating to retroactive statutes in general.

" 'The qualifications to the general principle deserve further consideration, *viz.*:

" 'The presumption of law is opposed to giving them a retroactive effect unless a contrary intent is manifest. In the instant case the language used is of general application. There appears no date from which it shall operate save by the principles of law applicable to all statutes. The manifest purpose of the constitutional provision, placing the effective date of a statute ninety days from the day of adjournment of the session of the General Assembly, is to allow litigants a fair opportunity to acquaint themselves with the provisions of the statute enacted at a given session in order to institute and prosecute the appropriate proceeding for the preservation of their rights in accordance therewith.

" 'The major weight of authority holds that statutes of limitation are placed upon a different level from other statutes, assuming, of course, that all are subject to the constitutional provision, *viz.*, section 53 of the act, in the absence of an emergency clause, which is not involved in the instant case. (Citing cases.)

\* \* \* \* \* \*

" 'The Supreme Judicial Court of Massachusetts, in the

case of *Cunningham* v. *Commonwealth* (278 Mass. 343), 180 N. E. 147, said:

" 'It is established that a statute of limitations, because it relates to the remedy only, will apply to a cause of action existing at the time it is passed if sufficient time has been allowed between the passage of the act and the time for the new limitations to take effect to give opportunity to persons having such causes to bring their suits or actions. * * *

" 'In discussing the question whether the statute would be unconstitutional as applicable to previously existing causes of action, because in some such cases two years may have elapsed before the approval of the new act and the plaintiff's only opportunity to bring his action under the earlier statute would be the thirty-day period between the approval of the act and the time when it went into effect, the court held that the act was unobjectionable as applicable to previous causes of action on constitutional grounds because the thirty-day period allowed a reasonable time within which an action might be brought under the statute. For remedial reasons the plaintiffs in this case had reasonable opportunity in which to enforce any rights existing at the time of approval of the statutes by filing their petitions within the time elapsing between the approval of the statute and the time it took effect.' "

We also find in this opinion at page 883, a citation to the case of *Lamb* v. *Powder River Live Stock Co.* (C. C. A.) 132 F. 434, 67 L. R. A. 558, in which Circuit Judge Van Devanter, later a justice of the United States Supreme Court, had the following to say:

" 'The rule that statutes must be given a prospective, rather than a retrospective, operation, is well recognized, but, like other rules of interpretation, it is resorted to to give effect to the presumed and reasonably probable intention of the legislature, when the terms of the statute do not of themselves make the intention clear or certain and cannot be limited to change or defeat the intention

when it is made obvious or manifest by the terms of the statute.

" 'Not infrequently, in adopting new statutes of limitations, special provision is expressly made for enforcing existing rights of action, but a provision of this character was not needed in this instance. Under the Constitution the act of 1895, which contained no emergency clause, would not take effect for ninety days after its passage, a period which is practically the equivalent of the shortest limitation prescribed in the acts. According to the decisions of many courts, a statute of limitations, the operation of which is postponed to an appointed time in the future, is effectual from the date of its enactment and a public notice of its provisions and prospective operation, and if it be not otherwise provided, operates to fix or designate the time which will elapse between its passage and its taking effect as the period within which to begin proceedings for the enforcement of such existing rights of action as will fall within the bar when it takes effect.

" 'We think the shortened limitation was intended to apply to actions upon the existing judgments and that if the limitation is valid the plaintiff's right of action was barred ninety days after it took effect, or, three months after it took effect, depending upon when he was put to his remedy by the act.' "

We therefore conclude that the legislature, by express language, made manifest its intent that such amendments should apply as well to judgments theretofore rendered as to those thereafter obtained. To hold otherwise would necessarily construe the amendments to read as they would with the italicized words added below:

Nor shall it apply to the provisions of section sixty-four hundred and seventy-four *in so far as the same refer to judgments hereafter rendered.*

For the foregoing reasons, the decree of the lower court is affirmed.

*Affirmed.*