# Richmond

A. M. Phipps, Administrator, Etc., Et Al. v. S. H. Sutherland.

November 30, 1959.

Record No. 5013.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*A. T. Griffith*, for the appellants.

*Benjamin F. Sutherland*, for the appellee.

I'Anson, J., delivered the opinion of the court.

The appellants, A. M. Phipps, Administrator, etc.; A. M. Phipps, Trustee; Burl Compton, Administrator, etc.; Earl Speer; A. W. Powers and A. M. Phipps, filed their bill in equity on April 18, 1958, to subject certain lands of S. H. Sutherland, hereinafter referred to as the appellee, to the lien of two judgments rendered in June, 1932, to which bill the appellee filed a demurrer, pleaded the statute of limitations and laches, and filed an answer to the merits. The chancellor sustained the demurrer on the grounds that this suit cannot be maintained under § 8-393,[1] Code of 1950, since the appellants had not extended or revived the life of the judgments in accordance with § 6477, Code of 1919, as amended, now § 8-396,[2] Code of 1950, and the judgments were barred by the statute of limitations. Leave to amend within twenty-one days was granted the appellants, which was declined, and the bill was thereupon dismissed.

To determine the correctness of the chancellor's decree it is necessary that we set out the relevant provisions of the statutes involved, with the amendments thereto, and apply them in the light of the allegations in the bill.

The pertinent part of § 6477, Code of 1919, which was in effect in 1932 when the judgments under consideration were obtained, provided as follows:

"On a judgment, excutions may be issued within a year and a scire facias or an action may be brought within ten years after the date of the judgment, and where execution issues within the year, other executions may be issued, or a scire facias or an action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return * * *."

---

[1] "§ 8-393. No suit shall be brought to enforce the lien of any judgment heretofore or hereafter rendered upon which the right to issue an execution, or bring a scire facias, or an action, is barred by §§ 8-396 and 8-397, * * *."

[2] Section amended, Acts of Assembly, 1958, c. 221, p. 273, 1958 Cum. Supp., Code of 1950.

An amendment to § 6477, Acts of Assembly, 1942, c. 125, p. 162, increased the time for the issuance of an execution from one year to ten years, and the statute was amended in other particulars unimportant to the issues involved in this appeal. After that amendment the statute remained the same until the legislature, acting on a report of the Virginia Advisory Legislative Council to the Governor and General Assembly of Virginia, amended and reenacted § 6477, as amended, Acts of Assembly, 1948, c. 136, p. 306, now § 8-396, Code of 1950.

In its report, titled "Execution Liens and Garnishment Proceedings," dated October 4, 1947, the Virginia Advisory Legislative Council said (at page 7):

"The Council is of opinion that the life of a judgment should not be dependent on whether or not an execution is issued; issuance of execution is a collateral matter and should therefore have nothing to do with the life of the judgment. Therefore, the Council recommends that all judgments be good for twenty years from date of rendition; and any time before the expiration of such twenty years the judgment can be revived for another twenty years by scire facias. This would be accomplished by amending Section 6477 of the Code of Virginia."

Section 8-396, Code of 1950 (formerly § 6477, Code of 1919, as amended in 1948) reads as follows:

"On a judgment, execution may be issued and a scire facias or an action may be brought within twenty years after the date of the judgment, except that when the scire facias or action is against a personal representative of a decedent it must be brought within five years from the date of his qualification.

"All of the provisions of this section apply mutatis mutandis to any judgment obtained upon such scire facias or action as well as to an original judgment except that there may be only one revival or extension as to a personal representative. And the rights of a judgment creditor as to a purchaser for value who records his deeds shall be governed by the provisions of § 8-393.

"The provisions of this section apply to judgments obtained after June twenty-ninth, nineteen hundred forty-eight, and to judgments obtained prior to such date which are not then barred by the statute of limitations, but nothing herein shall have the effect of reducing the time for enforcement of any judgment the limitation of which has been extended prior to such date by compliance with the provisions of law theretofore in effect."

The bill alleges that the appellants are assignees of two judgments obtained against the appellee in 1932, one on June 11 for $7,650.00, and the other on June 17 for $89,078.54, subject to certain credits. An exhibit, marked "Abstract No. 1," taken from the judgment lien docket and filed with the bill, which refers to the smaller judgment as judgment No. 1, shows as follows:

Execution issued on June 11, 1932, the day judgment was entered, returnable to the first Monday in September, 1932, upon which no return was made. However, a certified copy of the execution filed as an exhibit with the bill shows a return was made on September 5, 1932.

Execution issued September 7, 1932, returnable to the third Monday in September, 1932. The judgment lien docket shows no return was made, but a certified copy of the execution, with a return date of November 21, 1932, is exhibited with the bill.

Executions issued on January 24, 1933, August 7, 1933, and November 28, 1942, upon which no returns were made. The November 28, 1942, execution was returnable to the first Monday in February, 1943.

Execution issued on March 6, 1952, returnable to the first Monday in June, 1952. A return was made on March 10, 1952.

Execution again issued on April 2, 1958, returnable to the third Monday in July, 1958. No return was made.

An exhibit, marked "Abstract No. 2," taken from the judgment lien docket and filed with the bill, which refers to the larger judgment as judgment No. 2, shows as follows:

Execution first issued on December 31, 1932, returnable to the third Monday in March, 1933, but no return was made.

Execution again issued on April 25, 1945, returnable to the third Monday in July, 1945, but no return was made.

The bill further alleges "that on the .. day of ........ 19.., and within ten years from the said 17th day of June, 1932, execution was duly issued on said judgment [judgment No. 2] and placed in the hands of the sheriff of Dickenson County, Virginia, for enforcement of the collection thereof; and additional executions were thereafter issued upon the said judgment within ten years from the issuance of the first mentioned execution, and within ten years prior to June 29, 1948, an execution was duly issued upon said judgment and placed in the hands of the sheriff of Dickenson County, Virginia."

The basic question involved in this appeal is whether under the

1948 amendment to § 6477, Code of 1919 (now § 8-396, Code of 1950) judgments obtained prior to the effective date of the amendment can no longer be kept alive by extending their life through the issuance of writs of *fieri facias*, but can be extended and kept alive only through writs of *scire facias* or by actions.

The appellants contend that the 1948 amendment does not have the effect of abolishing the former procedure of extending the life of their 1932 judgments through the issuance of writs of *fieri facias*.

In support of their contention the appellants say that the provisions of § 8-396, Code of 1950, cannot logically be construed to operate retrospectively and thereby deprive them of vested rights which had accrued under § 6477, Code of 1919, before the 1948 amendment. There is no merit in this contention.

The generally accepted rule is that statutes of limitation, or remedial statutes, are not retrospective in their application in the absence of clear legislative intent. However, it is the settled law of this State that the legislature may declare a new or an amended statute dealing solely with matters of remedy and procedure, or one not affecting vested interests and contractual rights, to have a restrospective operation. *Ferguson* v. *Ferguson*, 169 Va. 77, 87, 192 S. E. 774, 777; *Gloucester Realty Corp.* v. *Guthrie*, 182 Va. 869, 873, 30 S. E. 2d 686, 688; 12 Mich. Jur., Statutes, § 3, p. 183; 34 Am. Jur., Limitation of Actions, § 32, pp. 36, 37. Vested interests and contractual rights may not be impaired or destroyed, but mere matters of procedure and remedy for their enforcement or preservation may be altered, curtailed or repealed at the will of the legislature so long as a reasonable opportunity and time are afforded to enforce and protect such interests and rights. *Duffy* v. *Hartsock*, 187 Va. 406, 416, 46 S. E. 2d 570, 574.

The plain language used in the 1948 amendment to § 6477 (now § 8-396, Code of 1950) shows that it was the intention of the legislature to make the statute retrospective in its application to judgments already obtained which were not then barred by the statute of limitations.

The amendment affected solely matters of remedy and procedure. The appellants were not deprived of their rights or ownership in the judgments. The amendment eliminated only the procedure of extending the life of the judgments by *fieri facias* after June 29, 1948, because it was recognized by the legislature to be unsatisfactory.

Appellants argue that the amendment deprives them of a vested

right or claim arising out of the former law, contrary to the provisions of § 1-16,[3] Code of 1950. There is no merit in this argument.

Section 1-16, Code of 1950, prescribes a rule of construction of a new law repealing a former law where rights have accrued or arise under the former law. It has no application to a repealing statute referring solely to matters of remedy and procedure where the legislature expressly declares it shall have retroactive operation. The appellants are given no right in the strict sense to a particular mode of procedure unless they avail themselves of it while the statute is in force. *Virginia and West Virginia Coal Co.* v. *Charles,* (D. C., Va.) 251 F. 83, 128, Aff. 254 F. 379 (4 Cir.), error dism. 252 U. S. 569, 40 S. Ct. 345, 64 L. ed. 720.

Appellants further argue that to give the amendment the effect of abolishing the extension of judgments by the issuance of executions would operate to shorten the time for the enforcement of their judgments, thereby impairing the obligation of contracts and depriving them of property rights without due process of law. There is no merit in this argument.

It is within the power of the legislature to amend a statute of limitations, giving a shorter period of time for the bringing of actions than existed before, even as to actions which have accrued, provided it does not take away the right to sue, and a reasonable time is given for the bringing of such actions. Legislation of this nature does not necessarily affect the remedy to such an extent that it impairs the obligation of contracts within the meaning of the constitution. *Duffy* v. *Hartsock, supra,* (187 Va. at pp. 416, 417, 46 S. E. 2d at p. 575); *Allen* v. *Mottley Construction Co.,* 160 Va. 875, 888, 889, 170 S. E. 412, 417; *McGahey* v. *Virginia* 135 U.S. 662, 705, 10 S. Ct. 972, 34 L. ed. 304, 317; 12 Am. Jur., Constitutional Law, § 445, pp. 89, 90; 16A C. J. S., Constitutional Law, § 615, pp. 773, 774.

The amendment plainly states that while it applies to judgments obtained prior to June 29 1948, it shall not have the effect of reducing the time for the enforcement of any judgment the limitation of which has been extended prior to such date by compliance with the law heretofore in effect. While the amendment shortened the time for

---

[3] "§ 1-16. No new law shall be construed to repeal a former law, * * * as to any act done, * * * or any right accrued, or claim arising under the former law, or in any way whatever to affect any such * * * act so committed or done, * * * or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; * * *."

the issuance of a writ of *fieri facias* to extend the life of a judgment as a result of the abolition of its further use for such purpose after June 29, 1948, it did not shorten the time for the enforcement of a judgment which had been extended beyond the effective date of the amendment.

The appellants had ninety days from the date of the adjournment of the legislature until the effective date of the amendment in which to extend the life of their judgments by execution, if not previously barred by the statute of limitations. This time is fixed by the constitution to allow litigants a reasonable time to acquaint themselves with provisions of statutes enacted at a given session in order that they may do whatever is necessary to protect their interests. *Allen* v. *Mottley Construction Co., supra* (160 Va. at p. 882, 170 S. E. at p. 415.) After the statute became effective, the appellants had the further right to revive by *scire facias* the life of their judgments, if not barred by the statute of limitations, that had been extended beyond June 29, 1948, before their expiration date.

The crucial point involved in this appeal is whether the life of the appellants' judgments was extended or revived in compliance with the provisions of § 6477 before and after its amendments (now § 8-396, Code of 1950.)

Under the statute in effect when the appellants' judgments were rendered in 1932 "a writ of *fieri facias* could be issued upon a judgment within a year [ten years under the 1942 amendment to § 6477, Code of 1919] and thereafter other writs of *fieri facias* could be issued at any time within ten years from the return day of a writ upon which there had been no return by an officer, or within twenty years from the return day of a writ upon which there had been such a return. * * * [T]he judgment could be kept alive perpetually. If no execution issued within the year [ten years under the 1942 amendment to § 6477, *supra*] the judgment could be revived by *scire facias* at any time within ten years from its date. Now by the terms of the Virginia statute [§ 8-396 Code of 1950] execution can be issued or *scire facias* or action brought within twenty years from the date of the judgment. Now also the judgment may be kept alive perpetually by extending its life through the writ of *scire facias* brought within the twenty year period. * * *" Burks Pleading and Practice, 4 ed., Judgments, § 343, pp. 660, 661.

The exhibit filed with the bill shows seven executions issued on

judgment No. 1, five before the 1948 amendment, and two after June 29, 1948.

The first execution was issued within one year of the rendition of the judgment and a return made on September 5, 1932. This execution extended the life of the judgment for twenty years, or to September 5, 1952.

The next execution having been issued on September 7, 1932, and returned on November 21, 1932, the life of the judgment was extended to November 21, 1952.

Other executions issued upon which no returns were made and did not extend the life of the judgment beyond November 21, 1952, except the execution issued on November 28, 1942, returnable to the first Monday in February, 1943, upon which no return was made. This execution extended the life of the judgment for a ten year period, or to the first Monday in February, 1953.

Executions issued in March, 1952, and in April, 1958, but neither had any effect upon extending the life of the judgment because subsequent to June 29, 1948, the effective date of the amendment to § 6477 (now § 8-396) there was no provision in the statute for extending the life of a judgment by the issuance of a writ of *fieri facias*.

The judgment expired on the first Monday in February, 1953, since it had not been revived or extended by a writ of *scire facias* or by action pursuant to § 6477, as amended, now § 8-396, Code of 1950. Consequently, the plea of the statute of limitations was a good defense and the trial court was correct in sustaining a demurrer to the bill dealing with judgment No. 1.

After judgment No. 2 was obtained, on June 17, 1932, an execution was issued on December 31, 1932, within one year from the date of the judgment, returnable to the third Monday in March, 1933. No return was made and none is alleged to have been made. Thus the issuance of the execution extended the life of the judgment for ten years, or to the third Monday in March, 1943.

The only other execution issued on this judgment, as shown by the appellants' exhibit "Abstract No. 2" shows that execution issued on April 25, 1945, returnable to the third Monday in July, 1945, and no return was made. At the time of the issuance of this execution the life of judgment No. 2 had expired in March, 1943, and the execution was of no effect.

The appellants alleged in their bill that other executions were issued within the ten-year period from the issuance of the first execution,

but the exhibit filed with the bill does not substantiate the allegations except as to the execution issued on April 25, 1945.

The right to maintain this suit to enforce the lien of this judgment is dependent upon the judgment being kept alive through the issuance of executions prior to June 28, 1948, or by *scire facias* after said date, and since the record filed as an exhibit with the bill contradicts its allegations that other executions issued to keep it alive, the chancellor was correct in holding that the allegations were conclusions of the pleader. The chancellor's opinion was confirmed when the appellants declined to amend their bill, although given an opportunity to do so, after the demurrer was sustained.

In Lile's Equity Pleading and Practice, 3 ed., § 106, p. 65, it is said:

"Where the plaintiff's case depends in whole or in part on documentary evidence, such documents should be [in the stating part of plaintiff's bill] briefly described according to their legal effect, and incorporated into the bill by reference—as 'the original (or an exemplified) copy of the said deed (or other document) is herewith filed as a part of this bill, marked Exhibit No. 1 and prayed to be read as a part of this bill as if herein set out at large;' and the document in question should be filed along with the bill."

And again at § 127, p. 74, it is said:

"It is improper to allege *legal conclusions* instead of the *facts* from which such conclusions are drawn. For example, if defendant is sought to be charged as trustee for the plaintiff, the circumstances giving rise to the trust must be alleged; so, if the purpose of the bill is to have a deed set aside for the fraud of the defendant, or because the contract was tainted with usury or illegality, a mere allegation that the transaction was fraudulent, or usurious, or illegal, without the facts constituting the fraud, or usury, or illegality, would be insufficient." (Italics by the author.)

For the reasons given the decree of the chancellor, holding that the judgments were barred by the statute of limitations, sustaining the demurrer, and dismissing the appellants' bill, is

*Affirmed.*