## CIRCUIT COURT OF CLARKE COUNTY

Longerbeam

v.

Bauserman Oil Co., Inc., et al.

August 5, 1991

Case No. (Law) 2197

BY JUDGE JAMES L. BERRY

The question before the Court for decision is whether Plaintiff is entitled to the strict liability construction of Va. Code Title 62.1, Article 8, as it existed upon the accrual of the asserted cause of action in 1980 or 1985 or whether the 1987 exception to § 2.1-44.34:5 applies to his Motion for Judgment filed in 1989.

"Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest . . . ." *Duffy v. Hartsock*, 187 Va. 406 (1948); Va. Code § 1-16. " 'Substantive' rights, as well as 'vested' rights, are included within those interests protected from retroactive application of statute." *Shiflett v. Eller*, 228 Va. 115 (1984).

It is the opinion of the Court that Va. Code § 62.1-44.34:2 regarding the liability for permitting discharge of oil and providing that "it shall not be necessary for the . . . person showing property damage, to plead or prove negligence in any form or manner" is declaratory of a substantive right and there being no clearly expressed intent by the legislature that the 1987 amendment to § 62.1-44.34:5 was to be applied retroactively, that amendment has prospective application only.

The same result would obtain if, as Bauserman submits, the effect of the quoted language "is to create a presumption of negligence." It cannot be argued that this would be other than a conclusive presumption which, according to Friend, *The Law of Evidence*, 3d ed., § 89(b), p. 261, is a fixed rule of substantive law.

The demurrer to Count III of the Motion of Judgment is overruled.