## CIRCUIT COURT OF THE CITY OF WINCHESTER

Louise Hoover

v.

James P. Devine

March 7, 1996

Case No. (Law) 95-166

By Judge John E. Wetsel, Jr.

The Plaintiff has filed a four count motion for judgment against her former employer, and Count IV of her motion for judgment alleges that her former employer made improper sexual advances and inappropriately touched her during her employment and then fired her because she did not accede to her employer's sexual advances. The defendant demurred to the wrongful discharge count of the Motion for Judgment claiming that it is barred by Virginia Code § 2.1-725. Upon consideration of the argument of counsel and the memorandum of authorities, the Court has made the following decision to overrule the demurrer to Count IV.

### I. *Statement of Material Facts*

For the purpose of ruling on the demurrer, the following facts are established in the pleadings.

From December 21, 1993, until late January 1995, the plaintiff was employed by the defendant as a cashier at a newsstand which he owned and operated. Plaintiff alleges that during her employment the defendant fondled her on several occasions and made repeated sexual advances, which she refused, which caused the defendant to terminate her employment.

Plaintiff filed her Motion for Judgment on June 30, 1995. Effective July 1, 1995, Virginia Code § 2.1-725 was extensively revised, and subsection D was added to the statute which provides that:

Causes of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances.

To trigger the jurisdiction of the Virginia act, an employer must have more than five and less than fifteen employees. Having fifteen or more employees threshold triggers the jurisdiction of the federal antidiscrimination statutes. 42 U.S.C. § 2000e(g).

The defendant demurred to the wrongful discharge count of the Motion for Judgment claiming that Virginia Code § 2.1-725 should apply retroactively to the plaintiff's case and bars her right of action, arguing that the legislature apparently intended that there would be no cause of action for wrongful discharge based upon impermissible sexual discrimination by small employers having five or fewer employees, such as the defendant in this case.

## II. *Conclusions of Law*

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). In all cases except negligence cases, in ruling on a demurrer, "the court is not bound by . . . conclusory [legal] allegations when the issue involves . . . a mixed question of law and fact." *Russo v. White, supra* at 28. *See also CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). Having examined Count IV of the motion for judgment, which is a claim against the Defendant for wrongful discharge based on alleged sexual discrimination, and drawing "all reasonable inferences fairly and justly drawn from the facts alleged . . . in aid of the pleadings," it would appear that a cause of action has been stated, which is not barred by Virginia Code § 2.1-725.

The legislature may enact or amend legislation to apply retroactively, provided that the legislation affects matters of remedy or procedure and not substantive rights. *Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570 (1948); *Phipps v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422 (1959); *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123 (1974). "Substantive rights . . . are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law,

which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750 (1984). The substantive rights created under a contract may not be retroactively altered by legislation, because "the retroactive application of a statute impairing a 'substantive right' violates due process and is therefore 'unconstitutional'." *School Board of the City of Norfolk v. U. S. Gypsum Co.*, 234 Va. 32, 38, 360 S.E.2d 325 (1987), quoting *Potomac Hosp. Corp. v. Dillon*, 229 Va. 355, 360, 329 S.E.2d 41, *cert. denied*, 474 U.S. 971 (1985).

As stated in *Starnes v. Cayouette*, 244 Va. 202, 211, 419 S.E.2d 669 (1992), "it is the limitation upon the plaintiff's right to recover that is purely procedural," which may be subjected to retroactive legislation. *See also Allen v. Mottley Const. Co.*, 160 Va. 875, 170 S.E. 412 (1933) (the Court retroactively applied an amendment to a provision of the Workers' Compensation Act that shortened the time allowed for a claimant to file a change in condition application). Generally, legislation affecting remedies or procedures will be applied to pending actions. *Harris v. DiMattina*, 250 Va. 306, 462 S.E.2d 338 (1995) (repeal of medical malpractice tolling statute, former §§ 8.01-581.2 and 8.01-581.9); *Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570 (1948); *Phipps v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422 (1959); *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123 (1974). Virginia Code § 2.1-725(D) with its 180 day statute of limitations and limitations on damages illustrates the type of procedural statute which could be applied retroactively.

The right not to be subjected to sexual discrimination and not to be fired for refusing to yield to unwanted sexual advances was part of the substantive contract between the parties. Generally, where rights have vested under a contract, those rights may not be retroactively altered by the legislature. As the Supreme Court stated in *Waterman's Assoc. v. Seafood Inc.*, 227 Va. 101, 109 (1984):

> "The contract clauses of the Federal Constitution and the Virginia Bill of Rights protect against the same fundamental invasion of rights." 1 A. Howard, *Commentaries on the Constitution of Virginia* 203 (1974). The General Assembly "shall not pass any law impairing the obligation of contracts." Va. Const. art. I, § 11. See U. S. Const., art I, § 10 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts.") The Virginia contract clause has been interpreted by this Court in a manner similar to the treatment of the federal clause by the United States Supreme Court. A. Howard at 207.

The Defendant argues that the acts alleged may constitute sexual harassment but that they are not prohibited discrimination. The Plaintiff alleges that the Defendant placed his hands down her skirt, grabbed her buttocks, touched and commented on her breasts, showed her obscene magazines, gave her gifts of condoms and finger slickers, sexually propositioned her, and then fired her, because she did not submit to his unwanted and unsolicited advances. The Defendant's argument has no merit. The allegations in this case present an archetypal case of impermissible sexual discrimination. *See Lockhart v. Commonwealth*, 247 Va. 98, 101-102, 439 S.E.2d 328 (1994) (plaintiff Wright's employer grabbed her and hugged her without consent and made repeated abusive and sexually suggestive comments to her and then told her to get out); and *see generally* 45B Am. Jur. 2d, *Job Discrimination*, § 960-964.

The case of *Lockhart v. Commonwealth*, 247 Va. 98, 439 S.E.2d 328 (1994), continues to control causes of action which accrued prior to July 1, 1995, involving employers with five or fewer employees. In that case, the Supreme Court held that the public policy exception to the at will employment rule "includes instances where, as here, employees are terminated because of discrimination based upon gender or race." *Id.* at 106. Since the July 1, 1995, amendment to Virginia Code § 2.1-725, a number of Virginia courts have determined that the public policy exception to the employment at will doctrine continues to apply in racial and sexual discrimination cases. *Easley v. First Union National Bank*, 37 Va. Cir. 296 (1995) (racial discrimination); *Dowdy v. Bower*, 37 Va. Cir. 432 (1995) (sexual discrimination and harassment); and *Hensler v. O'Sullivan Corp.*, United States District Court, Western District of Virginia, Civil Action 94-0040-8 (1995) (sexual harassment).

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the defendant's Demurrer and Motion to Dismiss Count IV of the Motion for Judgment is denied.