# CIRCUIT COURT OF CLARKE COUNTY

Quincy Nigel Wilkins

v.

H. R. Powell, Warden

January 30, 2001

Case No. (Law) 00-4312

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for consideration of the Petition for Writ of Habeas Corpus filed November 7, 2000, challenging the validity of the Petitioner's confinement to the penitentiary based upon alleged ineffective assistance of counsel. The Respondent has moved to dismiss the petition on the ground that it is barred by the two year statute of limitations.

After careful consideration of the record in both this case and the pertinent portions of the underlying criminal cases upon which the petition is premised, the Court has made the following decision to grant the Respondent's Motion to Dismiss.

## I. *Statement of Material Facts*

The following facts are established by the record in this case.

The Petitioner, Quincy Nigel Wilkins, # 26087, is presently detained in a state penitentiary pursuant to an Order of the Circuit Court of Clarke County entered May 15, 1998, whereby the Petitioner was sentenced to a total of 23 years to serve for the following seven crimes: three counts of robbery, entering a bank while armed, use of a firearm in felony, communicating a false bomb threat, and grand larceny. Exhibit 1.

28

On November 9, 1998, the Circuit Court of Clarke County entered an Amended Order correcting two scrivener's errors in the May 15, 1998, Order, which sentenced the Petitioner. The November 9, 1998, Amended Order (Exhibit 2) states:

> It appearing that there were two typographical errors in the order reflecting the sentencing of the defendant on April 13, 1998, the Court does enter this Amended Order correcting the typographical errors.

The two typographical errors were incorrect typing of docket numbers. The first typographical error was that there were originally three charges of the use of a firearm in the commission of a felony (docket numbers 3899, 3900, and 3901), and two of the charges were nolle prossed (docket numbers 3900 and 3901). The May 15, 1998, Order erroneously recited at the bottom of page 2 that the defendant was sentenced to three years on docket number "97-3900," which was nolle prossed, instead of "97-3899" as was intended, and the November 9, 1998, Amended Order corrected this first mistake.

The second typographical error was on page 4 of the May 15, 1998, Order where the docket number of the grand larceny charge was erroneously typed as "97-3920," whereas the correct number was "97-3925." Neither of these two mistakes altered the substance of the sentences which were imposed by the May 15, 1998, Order.

On November 7, 2000, the Petitioner filed his habeas corpus petition in this case, to which the Petitioner has filed a plea of the statute of limitations.

## II. *Conclusions of Law*

The allegations of illegality can be fully determined on the basis of the record; therefore, no plenary hearing is necessary in this case. Va. Code § 8.01-654(B)(4); and *Arey v. Peyton*, 209 Va. 370, 164 S.E.2d 691 (1968).

Virginia Code § 8.01-654(A)(2) became effective July 1, 1998, and it provides that:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from the final disposition in state court or the time for filing such appeal has expired, whichever is later.

In the underlying cases, no appeal was taken, so the applicable statute of limitation is "two years from the date of final judgment in the trial court."

The legislature may enact or amend legislation to apply retroactively provided the legislation affects matters of remedy or procedure and not substantive rights. *Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570 (1948); *Phipps v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422 (1959); *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123 (1974). "Substantive rights . . . are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750 (1984). As stated in *Starnes v. Cayouette*, 244 Va. 202, 211, 419 S.E.2d 669 (1992), "it is the limitation upon the plaintiff's right to recover that is purely procedural."

> Consequently, legislation affecting the amount of time within which an action can be brought after it accrues has consistently been treated as procedural or remedial.
>
> An ordinary statute of limitation is a procedural statute, one which creates a temporal bar to the maintenance of a legal remedy arising out of an accrued cause of action.

*School Board of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 36, 360 S.E.2d 325 (1987). In *Allen v. Mottley Const. Co.*, 160 Va. 875, 170 S.E. 412 (1933), the Court retroactively applied an amendment to a provision of the Workmen's Compensation Act that shortened the time allowed for a claimant to file a change in condition application. *Accord Buenson Division, Aeronca, Inc. v. McCauley*, 221 Va. 430, 270 S.E.2d 734 (1980).

The two-year statute of limitations of Virginia Code § 8.01-654(A)(2) applies to this case.

In *Myers v. Commonwealth*, 26 Va. App. 544, 547-48, 496 S.E.2d 80 (1998), the Court of Appeals ruled that:

> Although divested of jurisdiction, a "trial court has the inherent power, independent of statutory authority, to correct errors in the record so as to cause its acts and proceedings to be set forth correctly." *Davis*, 251 Va. at 149, 466 S.E.2d at 94 (citing *Council v. Commonwealth*, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)). In addition, Code § 8.01-428(B) provides that: "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the

court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order." *See also* Code § 8.01-429 (providing appellate courts corresponding authority).

An order correcting a scrivener's error, like the November 9, 1998, Amended Order correcting the two incorrect docket numbers, is not a final order. The trial court does reacquire substantive jurisdiction over the case, and the order correcting the scrivener's errors relates back to the date of the order being corrected, which was the May 15. 1998, Order, just like the latin *nunc pro tunc* provides — now for then, then being May 15, 1998. *See Davis v. Mullins*, 251 Va. 141, 150, 466 S.E.2d 90, 94 (1996) (nunc pro tunc order does not affect the finality of the earlier final order). Accordingly, the entry of the November 9, 1998, has no effect on the statute of limitations in his case, which began to run on May 16, 1998.

Since the petition for habeas corpus was filed more than two years after May 15, 1998, it is barred by the statute of limitations.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Petition for Writ of Habeas Corpus is denied and dismissed.

This is a final order, and any notice of appeal of this order to the Supreme Court of Virginia must be filed with the Clerk of this Court within thirty days of the entry of this order.