# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia,
Virginia Department
of Transportation,
and David A. Von Moll,
Comptroller

v.

William Carl Deangelo, Jr.,
and Ables Integrated Freight, L.L.C.

April 17, 2015

Case No. CL14-5154

By Judge Gregory L. Rupe

This matter was brought before the Court on March 20, 2015, on the Plea in Bar ("Plea") filed jointly by the Defendants, William Carl Deangelo, Jr., and his employer, Ables Integrated Freight, L.L.C. ("Ables"). The Defendants and the Plaintiffs, the Commonwealth of Virginia, Virginia Department of Transportation, and David A. Von Moll, Comptroller, appeared, through counsel, to present argument. The Court took the Plea under advisement pending the issuance of this letter opinion.

Upon due consideration of the law and facts, the Court hereby denies the Plea in Bar.

*Factual Background*

Assuming the facts of the Complaint to be true, on or about December 12, 2006, Deangelo was operating a tractor trailer on I-66 in Fauquier County, Virginia. At the time, he was an employee of Ables, who owned the tractor trailer in question. The tractor trailer had an oversized cargo load, and Deangelo drove it into the Route 17 Overpass Bridge. The cargo load exceeded the maximum legal height for a vehicle on I-66, so the top of the tractor trailer collided with the vertical clearance of the bridge, causing

substantial damage. The Commonwealth repaired the damage to the tune of $322,987.68 and seeks recovery from the Defendants in that amount.

The causes of action brought by the Commonwealth are (1) ordinary negligence against Deangelo and Ables under respondeat superior, and (2) liability of both Defendants under Va. Code § 46.2-1110. This statute states, in part, that "[n]o loaded or unloaded vehicle shall exceed a height of 13 feet, six inches," and:

> Nothing contained in this section shall require either the public authorities or railroad companies to provide vertical clearances of overhead bridges or structures in excess of 12 feet, six inches, or to make any changes in the vertical clearances of existing overhead bridges or structures crossing highways. The driver or owner of vehicles on highways shall be held financially responsible for any damage to overhead bridges or structures that results from collisions therewith.

Va. Code Ann. § 46.2-1110. At the hearing, the Court overruled Defendants' demurrer to this statute. The parties then proceeded with argument on the Plea.

*Analysis*

Defendants filed a Plea in Bar asserting the statute of limitations. Pursuant to Va. Code § 8.01-243(E), "[e]very action for injury to property brought by the Commonwealth against a tortfeasor for expenses arising out of the negligent operation of a motor vehicle shall be brought within five years after the cause of action accrues." It is undisputed that the cause of action here accrued on December 12, 2006, and the instant matter was filed on November 25, 2014; more than five years later. Virginia Code § 8.01-243(E) was approved by the General Assembly on April 4, 2014, and went into effect on July 1, 2014. 2014 Va. Acts, 586.

According to Defendants, Va. Code § 8.01-1 guides the rest of the present inquiry. It states that:

> Except as may be otherwise provided in [a section not here relevant] … all provisions of this title [including the statute of limitations in Code § 8.01-243(E)] shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if, in the opinion of the court, any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.

Stated differently, Defendants argue that the five year statute of limitations from Va. Code § 8.01-243(E) will apply to bar the current case *unless* the Court finds that the newly-enacted five year limitations period (1) materially changes the substantive rights of a party; or (2) causes miscarriage of justice. Defendants argue that the five year statute of limitations will neither materially change the Plaintiffs' substantive rights, nor cause a miscarriage of justice, and, therefore, should bar the Plaintiffs' action.

However, the Plaintiffs, in response, aver that generally, a statute of limitations is not retroactive in operation without express legislative intent. Therefore, because there is no express intent to apply retroactively written into the language of Va. Code § 8.01-243(E) *itself*, it cannot be applied retroactively. This statement of the law comes from *Phipps v. Sutherland*, 201 Va. 448 (1959), which declared "[t]he generally accepted rule is that statutes of limitation, or remedial statutes, are not retrospective in their application in the absence of clear legislative intent." *Id.* at 452. Because the plain language of the statute in *Phipps* evidenced a clear intention by the legislature to apply retroactively, the Court held that it did indeed apply retroactively. *Id.* ("The plain language used in the 1948 amendment … shows that it was the intention of the legislature to make the statute retrospective in its application.").

The Plaintiffs make the same argument in reference to *Duffy v. Hartsock*, 187 Va. 406 (1948). In *Duffy*, the Supreme Court of Virginia held similarly that "a limitation law will be given a retroactive operation where, from a consideration of its terms as a whole, such an interpretation appears *clearly to be in accordance with the intention of the legislation.*" *Id.* at 418-19 (emphasis added). Citing to decisions of sister states and the federal government, the Court stated in dicta that retroactivity must be made "obvious or manifest by the terms of the statute" in order to apply. *Id.* at 421 (citing *Lamb v. Powder River Live Stock Co.*, 132 F. 434, 436 (8th Cir. 1904)).

The language of the amendments at issue in *Phipps* and *Duffy* directly stated that the statute of limitations will be applied retroactively. The Plaintiffs point out that Va. Code § 8.01-243(E) unquestionably "contains no words that express a clear legislative intent to provide that it be applied retroactively." Pl's. Mem. Opp. Plea in Bar, 5. The Plaintiffs argue that the direct reference to retroactivity is what saved the statutes in *Phipps* and *Duffy*, and, because that language is missing here, Va. Code § 8.01-243(E) is not retroactive. The Court agrees.

Further, the Plaintiffs assert that Va. Code § 8.01-1 is a statute of general applicability, and, therefore, does not apply to the state and thus cannot be used to bar this action. They cite to *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420 (2012), which states unequivocally that "[i]t is well-settled law that Commonwealth agencies are not bound by statutes

of general application *no matter how comprehensive the language,* unless named expressly or included by necessary implication." *Id.* at 426–27 (emphasis in original).

The Commonwealth is not mentioned in Va. Code § 8.01-1, and thus, this Court agrees that it does not apply to the Commonwealth. "The statute itself and the general definitions statute of Title 8.01 do not use express terms to make Va. Code § 8.01 apply to the Commonwealth." Pl's. Mem. Opp. Plea in Bar, 8. As stated aptly by the Plaintiffs, it is reasonable to presume that, by not including the Commonwealth in § 8.01-1, the General Assembly intended to keep intact the general rule that amendments to the Title therein would not apply retrospectively to the Commonwealth.

Further, the Plaintiffs emphasize that, when a statute, such as the new statute of limitations in Va. Code § 8.01-243(E), is in derogation of the common law, it is to be strictly construed so as to limit application beyond the express terms of the statute. The 2014 amendment to the statute of limitations here clearly applies prospectively, but by its express terms, it does *not* state whether it applies retroactively. The Plaintiffs argue that we should interpret this silence in keeping with the strict construction of statutes in derogation of the common law. It should therefore be read in conjunction with the well-established common law rule that no time shall run against the state.

Finally, *Commonwealth, ex rel. Pross v. Board of Supervisors* states directly that "[i]t is old and familiar law, and is applicable to the *state* as well as the crown, at common law, that where a statute is general, and any prerogative, right, title, or interest is diverted or taken from the king, in such case, the king shall not be bound unless the statute is made by express words or necessary implication to extend to him." 225 Va. 492, 494 (1983) (emphasis in original). Here, while the new statute of limitations in Va. Code § 8.01-243(E) directly references the Commonwealth, Va. Code § 8.01-1 does not.

Essentially, both the new statute of limitations and Va. Code § 8.01-1, even when read in conjunction with one another, are too general in their drafting to conclusively show that the statute of limitations should apply retroactively to the Commonwealth. Moreover, in keeping with *Phipps* and *Duffy,* the language of Va. Code § 8.01-243(E) does not evidence a clear enough legislative intent to apply retroactively. Therefore, the Court finds that it should not apply retroactively. This is the crux of the Court's present decision. While not specifically rejected, all other arguments advanced by both sides are unavailing.

At oral argument, Defendants presented a decision of the Supreme Court of Virginia, *Commonwealth v. Owens-Corning Fiberglass Corp.,* 238 Va. 595 (1989), which requires specific attention. In *Owens-Corning,* the Supreme Court of Virginia held that the claims of the Commonwealth were subject to a newly enacted statute of repose in Va. Code § 8.01-250. This

case contains language that, at first glance, appears to firmly support the Defendants' position and mandate dismissal of the present action. It states:

> [T]he Commonwealth was under the necessity of bringing its suit between the time of legislative enactment and the date the legislation became effective. Such a "window of opportunity," even one as brief as 30 days, is ordinarily sufficient to satisfy due-process requirements when a newly-created time bar is applied to existing causes of action and accrued rights of action.

*Id.* at 601.

However, the subject of *Owens-Corning* was a statute of repose, which is "different in concept, definition, and function" from a statute of limitation. *Id.* at 600. The *Owens-Corning* Court provided a functional description of these differences:

> First, and most familiar, are procedural or "pure" statutes of limitation. These serve merely to time-restrict the assertion of a remedy. They furnish an affirmative defense and are waived if not pleaded. Second are substantive or "special" statutes of limitation. They are ordinarily contained in statutes which create a new right and become elements of that newly-created right, restricting its availability. Compliance with such a statute is a condition precedent to maintenance of a claim. Third, and particularly pertinent here, are statutes of repose. The time limitations of such statutes begin to run from some legislatively selected point in time which is unrelated to the accrual of any cause of action or right of action, whether accrued or yet to accrue. Such statutes reflect a legislative policy determination that a time should come beyond which a potential defendant will be immune from liability for his past acts and omissions.

*Id.* at 598-99 (internal citations omitted). In the case at bar, Va. Code § 8.01-243(E) is a "pure" statute of limitations.

Statutes of repose create substantive rights in potential defendants which cannot be "constitutionally impair[ed]." *Id.* at 600. Accordingly, the *Owens-Corning* Court found that the defendant's constitutionally protected "right of repose" could not be abridged by the Commonwealth's common law right of *"nullum tempus occurrit regi"* (no time runs against the king). *Id.* Thus, that Court found that the statute of repose applied retroactively to bar the Commonwealth's claims against the defendant.

There is no such tension between constitutionally protected rights and statutory enactments in the present case. Va. Code § 8.01-243(E) is a statute

of limitation that did not create the same constitutional rights in the instant Defendants as the statue of repose created in the *Owens-Corning* defendant. Thus, *Owens-Corning* does not control the case at bar.

## Conclusion

Here, the Court finds that the facts and the law favor the Commonwealth's arguments, and, therefore, the Plea is denied.