## Richmond

JOHNSON SERVICE COMPANY v. GLAUBKE CONSTRUCTION CO., INC.,
AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

January 15, 1973.

Record No. 8004.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Grover C. Outland, Jr. (Outland and Gray,* on brief), for plaintiff
in error.

*A. J. Kalfus (Arnold H. Abrons; Cooper and Cooper,* on brief),
for defendants in error.

Per Curiam.

We decide here whether the limitation period for bringing a
direct action against a general contractor on a public project and the
surety on its bond by one supplying labor and materials to a sub-
contractor is controlled by the provisions of Code § 11-23 as it existed
on December 16, 1969, or by the limitation period provided in the
amendment to this section effective on June 26, 1970.

Glaubke Construction Company had a contract with the City of
Norfolk for the construction of the Tarrallton School Recreation
Center. It obtained a payment bond with Fidelity and Deposit
Company of Maryland as surety pursuant to Code §11-23. Leo T.
Zoby, Jr., Inc. had a subcontract with Glaubke to perform certain

work on the contract. Glaubke failed to obtain a payment bond from Zoby. The latter contracted with Johnson Service Company to install the temperature controls in the Tarrallton project for $932 and defaulted in payment of this amount to Johnson.

Work on the Tarrallton Center was substantially completed on July 23, 1970. However, Johnson performed its contract with Zoby during the months of June, July and September, 1970. The last work it performed was during the week of September 5, 1970 and consisted of calibrating the temperature controls. Such calibration was a part of its contract with Zoby, and the work could not have been done prior to September because the water lines had not been "hooked up", and, for correct adjustment, the calibration had to be done in cool weather.

On August 5, 1971 Johnson filed its motion for judgment against Glaubke, Fidelity and Zoby to recover the amount due it for labor and materials supplied the project. The court found for the defendants Glaubke and Fidelity upon the ground that the limitation period in effect on December 16, 1969, the date of the contract between Johnson and Zoby, controlled. Judgment was entered against Zoby. Johnson alleges the court erred in not granting judgment against all the defendants below.

Code §11-23 provides that, in the event a contractor fails to require from a subcontractor the bond provided for therein, any person who has and fulfills contracts directly with such subcontractor for performing labor and furnishing materials in the prosecution of the work provided for in the subcontract shall have a direct right of action against the obligors and sureties on the payment bond required of the contractor. Glaubke failed to obtain a payment bond from Zoby so therefore Johnson had a right of action against Glaubke and Fidelity.

On December 16, 1969, the date of the contract between Johnson and Zoby, Code §11-23 provided in part: "No action on any bond required herein shall be brought unless within one year after substantial completion of the contract . . . ."

The General Assembly in 1970 amended Code §11-23 to read in part: ". . . No action on any payment bond required of a contractor under subparagraph (b) hereof or required of a subcontractor shall be brought unless within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials." Acts of the Assembly 1970, ch. 312, p. 412. This amendment became effective on June 26, 1970.

Johnson relies on *Ferguson* v. *Ferguson*, 169 Va. 77, 87, 192 S. E. 774, 777 (1937) where it was held:

"A great majority of opinion, and we think the better opinion, applies the same rule of construction to new or changed provisions of statutes of limitation that it applies to the construction of other statutes. In following this rule, the new enactment is held to apply to all rights or causes of action after its passage, leaving all rights or causes of action existing at the time of such passage subject to the operation of prior limitations, unless otherwise provided. Therefore, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute, will not be affected by it, but will be governed by the original statute, unless a contrary intention is expressed in the later statute. [Citing authorities.]"

Under the agreed stipulation of facts it is clear that Johnson had no right to sue until after it had completed its contract with Zoby. This was subsequent to July 23, 1970 when the project was substantially completed and to June 26, 1970 when the 1970 amendment to §11-23 became effective. Therefore, paraphrasing *Ferguson*, at no time prior to either June 26, 1970 or July 23, 1970 had Johnson's right to sue Zoby accrued or its claim against Zoby arisen. No proceeding could have been instituted by Johnson against the contractor, its surety or the subcontractor before the effective date of the amended statute. This being true, its right to sue and the time limitation within which it could sue are controlled by the language of the amendment and the action was timely brought.

Appellees argue that Johnson is asking the court to extend the statute of limitations as to its claim against Glaubke and Fidelity by applying the amendment retroactively to the contract entered into by Zoby and Johnson on December 16, 1969. They say that Johnson's cause of action had accrued as to Glaubke and Fidelity and that no new legislation should be given retroactive force. The answer to this contention is that Johnson's cause of action did not accrue or arise at the time the contract was executed. It accrued when the work was completed and Zoby failed to pay the agreed amount for labor and materials. It was at that time that Johnson looked to the statute to determine its rights and the time in which it had to assert them. Code §11-23 as amended in 1970 then controlled.

Accordingly, the judgment of the lower court is reversed as to Glaubke Construction Company, Inc. and Fidelity and Deposit Company of Maryland, and this case is remanded for such further proceedings as may be indicated consistent with the views expressed herein.

*Reversed and remanded.*