## CIRCUIT COURT OF AMHERST COUNTY

William Revely et al.

v.

Ophelia Dorsey et al.

April 22, 1998

Case No. (Chancery) 7968

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the demurrer of the defendants in this case. The demurrer is overruled. My reasons are set forth below.

This is an action to set aside the will of Florence P. Reynolds. Florence P. Reynolds died on December 19, 1995. A paper document purporting to be her last will and testament, dated June 16, 1995, was probated in the Clerk's Office of the Circuit Court of Amherst County on February 22, 1996. On July 2, 1997, the plaintiffs filed this action to set aside, and declare null and void, the will of Florence P. Reynolds on the grounds that she was not competent at the time that she executed the will.

The defendants have filed a demurrer asserting that the bill of complaint should be dismissed because this action was not filed within one year of the probate of the will as required by § 64.1-89 of the Code of Virginia.

Section 64.1-89 of the Code of Virginia provides that a bill to impeach or establish a will must be filed within one year of the date of the order of probate. Accordingly, the defendants maintain that by filing the bill of complaint on July 29, 1997, the plaintiffs are barred by the statute of limitations because this is more than one year from the date of probate. The plaintiffs maintain that the saving provisions of § 64.1-90 of the Code of Virginia apply, and they have two years to file the bill of complaint to impeach the will.

Section 64.1-90 provides that persons in a certain status have two years, rather than one year, to file an action to impeach a will. Until July 1, 1996, any person who resided out of the Commonwealth had two years, rather than one year, to file the bill of complaint to impeach the will. This statute was amended effective July 1, 1996 to delete out-of-state residents from the classification of persons who could file within two years rather than one year. The amended § 64.1-90, however, was not made retroactive. Accordingly, the defendants maintain they had a vested right that accrued as of the time of the probate of the will on February 22, 1996, that could not be retroactively taken away by subsequent legislation. This Court agrees.

In *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937), the Supreme Court of Virginia considered a case which is almost completely on point with this case. In *Ferguson*, the will was probated at a time when the statute of limitations to impeach a will was two years rather than one year. The bill of complaint to impeach the will was filed eighteen months later. During this eighteen month period, the statute was changed to reduce the statute of limitations to one year. The Supreme Court of Virginia held that a new or changed provision of a statute of limitations applies "to all rights or causes of action after its passage, leaving all rights or causes of action existing at the time of such passage subject to the operation of the prior statute of limitations, unless otherwise provided." *Id.* at 87. The Court further held that, upon the probate of the will, the right of action to impeach the will accrued. *Id.* at 87-88. The ruling in Ferguson has been cited with approval many times by the Supreme Court of Virginia. *Johnson v. Glaubke*, 213 Va. 466, 468, 193 S.E.2d 655 (1973); *Phipps v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422 (1959).

Accordingly, this Court finds that the bill of complaint to impeach the will was properly filed within the statute of limitations.